1523

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

STEVEN J. LYNCH

Criminal No. 14-181
(26 U.S.C. §§ 7202 & 7212(a)

**INDICTMENT**

The grand jury charges:

At all times material to this indictment:

INDIVIDUALS AND ENTITIES

1. The Iceoplex at Southpointe was a sports complex in Canonsburg, in the Western District of Pennsylvania, including an ice rink/indoor field, a health club, and a sports bar, that were legally organized as distinct business entities but functioned in a complementary manner as common facilities. Unless otherwise clear from the context, the term "Iceoplex" is used hereinafter to refer to the common facilities.

2. Defendant STEVEN J. LYNCH was a resident of Pittsburgh, in the Western District of Pennsylvania, and a lawyer licensed to practice in the Commonwealth of Pennsylvania and the State of New York. Through various nominee businesses defendant STEVEN J. LYNCH substantially owned and/or controlled the Iceoplex at Southpointe and its constituent entities, which included Iceoplex at Southpointe, LLC (ISLLC), Body Tech at Southpointe,

LLC (Body Tech), and Jay's Sports Bar and Restaurant, Inc. (JSBR).

3. Defendant STEVEN J. LYNCH substantially owned and/or controlled a business engaged in managing residential real estate in the Western District of Pennsylvania, which at various times was operated under the names Alder Street Management Company, ASMC Holdings, LLC, and ASMC Investment, LLC (hereinafter collectively referred to as ASMC). The office of ASMC was maintained at the Iceoplex.

4. The business activities of ISLLC, Body Tech, JSBR and ASMC were carried out through the services of employees. Prior to January 2008, each entity had its own employees.

5. In or around January 2008, persons employed to provide services to ISLLC, Body Tech, JSBR and ASMC began to be designated as employees of SRA Services, LLC (SRA Services). SRA Services, and subsequently its successor, SRA Employee Services, LLC (SRA Employee Services), were entities created to assume the role of employer of persons providing needed services to ISLLC, Body Tech, JSBR and ASMC. Regardless of whether employed by ISLLC, Body Tech, JSBR and ASMC, or by SRA Services or SRA Employee Services, wages or salaries of such employees were subject to taxes and to tax withholding, implemented in major part by the payroll tax system.

THE PAYROLL TAX SYSTEM

6. Pursuant to the Internal Revenue Code and associated statutes and regulations, including the Federal Insurance Contributions Act ("FICA"), employers are required to withhold amounts from the paychecks of their employees to cover individual income, Social Security and Medicare tax obligations. These withheld amounts are referred to as "trust fund" amounts. Employers are required to remit these withheld, trust fund amounts over to the Internal Revenue Service ("IRS") on a quarterly basis, no later than the last day of the month following the end of the quarter. In addition to the trust fund amounts that must be withheld from pay, employers are separately required to make contributions under FICA for social security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "payroll taxes," made up of the trust fund amounts withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed. Payroll taxes are required to be reported to the IRS by the employer on a Form 941, Employer's Quarterly Federal

Tax Return, due on the last day of the month following the end of a quarter.

7. Any person having authority to exercise significant control over an employer's financial affairs is deemed responsible for collecting, accounting for, and paying over payroll taxes, regardless of whether the individual exercised such control in fact. More than one person may be considered a "responsible person" for the purpose of collecting, accounting for, and paying over payroll taxes including trust fund amounts and employers' matching amounts.

8. To ensure remittance by employers of payroll taxes following the end of each quarter, the Internal Revenue Service Collection Division has statutory authority to take action in case of delinquency, including the legal power to levy employers' bank accounts and lien assets to satisfy the obligation to pay over amounts due for payroll taxes.

COUNT ONE

The grand jury further charges:

9. Paragraphs 1 - 8, above, are realleged and incorporated herein, as if fully set forth.

10. Between on or about April 1, 2004 and on or about January 31, 2011, in the Western District of Pennsylvania and elsewhere, the defendant, STEVEN J. LYNCH, did corruptly endeavor to obstruct and impede, and did corruptly obstruct and impede, the due administration of the Internal Revenue Code.

THE MANNER AND MEANS OF THE OBSTRUCTION

11. It was part of the manner and means of the obstruction that prior to approximately January 2008, defendant STEVEN J. LYNCH did cause entities controlled by him including ISLLC, Body Tech, JSBR, and ASMC, to withhold funds from their employees' pay consistent with the payroll tax system.

12. It was further part of the manner and means of the obstruction that prior to approximately January 2008, defendant STEVEN J. LYNCH did cause entities controlled by him including ISLLC, Body Tech, JSBR, and ASMC, to file quarterly forms 941 reporting employees' wages, withholdings for their tax obligations, and employer contributions, but without paying over timely all of the payroll taxes due, whether for trust fund amounts or employer matching contributions.

13. It was further part of the manner and means of the obstruction that prior to approximately January 2008 on several occasions following the ends of quarters, defendant STEVEN J. LYNCH did cause IRS to need to resort to its legal authority to take adverse action against the assets of ISLLC, Body Tech, JSBR, and ASMC, or to prepare to do so, in order to recover delinquent trust fund amounts and matching contributions.

14. It was further part of the manner and means of the obstruction that in approximately January 2008, defendant STEVEN J. LYNCH caused an entity under the name of SRA Services, LLC (SRA Services), which he created and substantially owned, controlled and operated, to be designated as the new employer of persons already providing services to ISLLC, Body Tech, JSBR and ASMC, pursuant to agreements he caused to be prepared providing for it to act as the agent of those businesses to handle employment.

15. It was further part of the manner and means of the obstruction that in approximately January 2008 and thereafter, defendant STEVEN J. LYNCH arranged that SRA Services would be "judgment proof," that is, it would and did own and hold no valuable assets, but only one or more bank accounts with minimal balances.

16. It was further part of the manner and means of the obstruction that between approximately January 2008 and January

2010, defendant STEVEN J. LYNCH caused SRA Services to record employees' time worked on behalf of ISLLC, Body Tech, JSBR and ASMC and their compensation earned, to issue checks to them for net pay due, and to prepare paystubs and annual Forms W-2 showing such employees' earnings and withholdings.

17. It was further part of the manner and means of the obstruction that between approximately January 2008 and January 2010, defendant STEVEN J. LYNCH caused SRA Services to be able to pay the face amount of paychecks written to employees, but only such amounts, by transferring funds to it from ISLLC, Body Tech, JSBR, ASMC and other entities he owned and/or controlled, that were sufficient to cover paychecks but insufficient to cover trust fund amounts withheld from employees' pay and owed to the IRS to cover employees' tax obligations, or to cover the employers' matching contributions also owed to the IRS.

18. It was further part of the manner and means of the obstruction that between approximately January 2008 and January 2010, defendant STEVEN J. LYNCH was a person legally responsible to see to SRA Services' obligations to collect, report and pay over payroll taxes to the Internal Revenue Service, but that he instead caused SRA Services to pay over to the IRS only portions or none of the trust fund amounts withheld from employees' pay and of the employer's matching contributions.

19. It was further part of the manner and means of the obstruction that between approximately January 2008 and January 2010, defendant STEVEN J. LYNCH caused the Collection Division of the Internal Revenue Service to be unable by exercise of its legal authority fully to recover either trust fund amounts withheld from employees' pay, or the employer's matching contributions, by keeping the assets and bank accounts held and owned by SRA Services at minimal levels. Specifically, defendant STEVEN J. LYNCH caused Collection Divison to recover by levying against bank accounts of SRA Services and of a related entity, only small sums on outstanding amounts due, on or about the dates specified in the table below:

| Date (on or about) | Quarter (ending date) | Trust Fund Amount | Matching Amount | Total Due Per Form 941 | Amount recovered |
|---|---|---|---|---|---|
| April 15, 2009 | June 30, 2008 | $66,158 | $31,041 | $97,199 | $5,368.17 |
| April 17, 2009 | " | " | " | " | $197.57 |
| Nov. 12, 2009 | Dec. 31, 2008 | $62,797 | $31,353 | $94,151 | $565.51 |
| Nov. 20, 2009 | " | " | " | " | $5.91 |
| Feb. 24, 2010 | " | " | " | " | $409.05 |

20. It was further part of the manner and means of the obstruction that for the second, third and fourth quarters of the year 2008, and the four quarters of the year 2009, the

defendant STEVEN J. LYNCH did cause SRA Services to pay over to the Internal Revenue Service an amount approximately $492,670 less than the amount of trust fund monies withheld from the pay of employees conducting the business activities of ISLLC, Body Tech, JSBR and ASMC, and owed to the Internal Revenue Service pursuant to the payroll tax system to cover the employees' tax obligations, without employees' knowledge of the deficiency.

21. It was further part of the manner and means of the obstruction that for the quarters of the years 2008 and 2009, the defendant STEVEN J. LYNCH did cause SRA Services to pay over to the Internal Revenue Service an amount approximately $253,996 less than the amount of contributions due from it as employer to match the Social Security and Medicare amounts withheld from its employees conducting the business activities of ISLLC, Body Tech, JSBR and ASMC, and owed to the IRS pursuant to the payroll tax system.

22. It was further part of the manner and means of the obstruction that following delivery by the Internal Revenue Service Collection Division of notice of assessment against him personally as a responsible person for the trust fund payments due from SRA Services in the amount of $282,539 as of August 25, 2009, and being informed of the intent to seek a court injunction against the entity, defendant STEVEN J. LYNCH did cause documents to be filed on or about December 29, 2009 with

the Commonwealth of Pennsylvania, Department of State, to form a new entity under the name SRA Employee Services, LLC (SRA Employee Services), which he substantially owned, controlled and operated.

23. It was further part of the manner and means of the obstruction that following creation of SRA Employee Services, in or about January 2010 defendant STEVEN J. LYNCH caused such entity to be newly designated as the employer of persons already providing services to ISLLC, Body Tech, JSBR and ASMC, pursuant to agreements he caused to be created providing for it to act as the agent of those businesses to handle employment, similar to the former agreements with SRA Services.

24. It was further part of the manner and means of the obstruction that between approximately January 2010 and approximately January 2011, defendant STEVEN J. LYNCH arranged that SRA Employee Services, like its predecessor, SRA Services, would be "judgment proof," that is, it would and did own and hold no valuable assets, but only one or more bank accounts with a minimal balance.

25. It was further part of the manner and means of the obstruction that between approximately January 2010 and approximately January 2011, defendant STEVEN J. LYNCH caused SRA Employee Services to record employees' time worked on behalf of ISLLC, Body Tech, JSBR and ASMC and their compensation earned,

to issue checks to them for net pay due, and to prepare paystubs and annual W-2 Forms showing such employees' earnings and withholdings.

26. It was further part of the manner and means of the obstruction that between approximately January 2010 and approximately January 2011, defendant STEVEN J. LYNCH caused SRA Employee Services to be able to pay the face amount of paychecks written to employees, but only such amounts, by transferring funds to it from ISLLC, JSBR, ASMC and other entities he owned and/or controlled, that were sufficient to cover paychecks but insufficient to cover trust fund amounts withheld from their pay and owed to the Internal Revenue Service on employees' accounts.

27. It was further part of the manner and means of the obstruction that between approximately January 2010 and approximately January 2011, defendant STEVEN J. LYNCH was a person legally responsible to see to SRA Employee Services' obligations to collect, report and pay over payroll taxes to the Internal Revenue Service, but that he instead caused SRA Employee Services to pay over to the IRS only portions or none of the trust fund amounts withheld from employees' pay and of the employer's matching contributions.

28. It was further part of the manner and means of the obstruction that for the second, third and fourth quarters of the year 2010, the defendant STEVEN J. LYNCH did cause SRA

Employee Services to pay over an amount approximately $167,988 less than the amount of trust fund monies withheld from the pay of employees conducting the business activities of ISLLC, Body Tech, JSBR and ASMC, and owed to the IRS pursuant to the payroll tax system to cover the employees' tax obligations, without employees' knowledge of the deficiency.

29. It was further part of the manner and means of the obstruction that for the second, third and fourth quarters of the year 2010, the defendant STEVEN J. LYNCH did cause SRA Employee Services to pay over to the Internal Revenue Service an amount approximately $119,413 less than the amount of contributions due from it as employer to match the Social Security and Medicare amounts withheld from its employees conducting the business activities of ISLLC, Body Tech, JSBR and ASMC, and owed to the IRS pursuant to the payroll tax system.

30. It was further part of the manner and means of the obstruction that from approximately January 2008 through January 2011, defendant Steven Lynch continued to operate the Iceoplex at Southpointe, and its constituent entities including ISLLC, Body Tech, JSBR, and to operate ASMC, and caused funds to be used to cover the businesses' operating expenses and to repay advances he caused to be made to them and other, related entities he substantially owned and/or controlled, instead of being used to pay over to IRS trust fund amounts withheld from

the pay of persons whose services conducted the business activities and instead of being used to pay over amounts due to the IRS for the employer's matching contributions.

In violation of Title 26, United States Code, Section 7212(a).

COUNTS TWO - EIGHT

The grand jury further charges:

31. Paragraphs 1 - 8, above, are realleged and incorporated herein, as if fully set forth.

32. At all times material to Counts Two - Eight, defendant STEVEN J. LYNCH was a person required to collect, account for on quarterly Forms 941, and pay over to the Internal Revenue Service on behalf of SRA Services, LLC, income, Social Security and Medicare taxes imposed on its employees by the Internal Revenue Code.

33. On or about the dates listed in the table below for each count herein, in the Western District of Pennsylvania, defendant STEVEN J. LYNCH did willfully fail to pay over the aforesaid taxes withheld from the pay of employees of SRA Services, LLC, in the approximate amount stated:

| Count | Date (on or about) | Quarter end | Deficiency Amount |
|---|---|---|---|
| 2 | July 31, 2008 | June 30, 2008 | $60,592 |
| 3 | October 31, 2008 | September 30, 2008 | $71,346 |
| 4 | January 31, 2009 | December 31, 2008 | $61,817 |
| 5 | April 30, 2009 | March 31, 2009 | $82,238 |
| 6 | July 31, 2009 | June 30, 2009 | $67,649 |
| 7 | October 31, 2009 | September 30, 2009 | $75,630 |
| 8 | January 31, 2010 | December 31, 2009 | $73,398 |

In violation of Title 26, United States Code, Section 7202.

COUNTS NINE - ELEVEN

The grand jury further charges:

34. Paragraphs 1 - 8, above, are realleged and incorporated herein, as if fully set forth.

35. At all times material to counts Nine - Eleven, defendant STEVEN J. LYNCH was a person required to collect, account for on quarterly Forms 941, and pay over to the Internal Revenue Service on behalf of SRA Employee Services, LLC, income, Social Security and Medicare taxes imposed on its employees by the Internal Revenue Code.

36. On or about the dates listed in the table below for each count herein, in the Western District of Pennsylvania, defendant STEVEN J. LYNCH did willfully fail to pay over the aforesaid taxes withheld from the pay of employees of SRA Employee Services, LLC, in the approximate amount stated:

| Count | Date (on or about) | Quarter End | Amount of Deficiency |
|---|---|---|---|
| 9 | July 31, 2010 | June 30, 2010 | $69,450 |
| 10 | October 31, 2010 | September 30, 2010 | $82,490 |
| 11 | January 31, 2011 | December 31, 2010 | $16,048 |

In violation of Title 26, United States Code, Section 7202.

A true bill,

Foreperson

DAVID J. HICKTON
United States Attorney
PA ID No. 34524