IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

STEVEN J. LYNCH

Criminal No. 14-181

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and James Y. Garrett, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned an 11-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Corrupt Obstruction of Administration of the Internal Revenue Code Between on or about April 1, 2004 and on or about January 31, 2011 | 26 U.S.C. §7212(a) |
| 2-11 | Willful Failure to Pay Over Payroll Taxes | 26 U.S.C. §7202 |
| 2 | July 31, 2008 | |
| 3 | October 31, 2008 | |
| 4 | January 31, 2009 | |

```
5               April 30, 2009
6               July 31, 2009
7               October 31, 2009
8               January 31, 2010
9               July 2010
10              October 2010
11              January 2011
```

## II.  ELEMENTS OF THE OFFENSE

### A.  As to Count 1:

In order for the crime of Corrupt Obstruction of Administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. (1) corruptly, that is, with intent to secure an unlawful advantage or benefit either for oneself or another;

    (2) endeavored in any way;

    (3) to obstruct or impede the due administration of the Internal Revenue Code.

See, e.g., United States v. Marek, 548 F.3d 147, 150 (1st Cir. 2008). United States v. Winchell, 129 F.3d 1093, 1098 (10th Cir. 1997); United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997); United States v. Hanson, 2 F.3d 942, 946-47 (9th Cir. 1993); United States v. Williams, 644 F.2d 696, 699 (8th Cir. 1981), superseded on other grounds by statute, Pub. L. No. 98-369, Div. A, Title I, § 159(a), 98 Stat. 696 (1984); see also

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Instruction 97, at p. 566 (2003). See also with regard to "corruptly," United States v. Phipps, 595 F.3d 243, 247 (5th Cir 2010); United States v. Thompson, 518 F.3d 832, 855 (10th Cir. 2008); United States v. Reeves (Reeves I), 752 F.2d 995, 998, 1001 (5th Cir. 1985), United States v. Valenti, 121 F.3d 327, 332 (7th Cir. 1997); United States v. Hanson, 2 F.3d 942, 946-47 (9th Cir. 1993); United States v. Yagow, 953 F.2d 423, 427 (8th Cir. 1992).

    B.    **As to Counts 2-11:**

In order for the crime of Failure to Account for and Pay Over Tax, in violation of 26 U.S.C. § 7202, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendants had a legal duty to collect, or to truthfully account for, or to pay over, collected taxes to an appropriate officer of the Internal Revenue Service;

    2.    That the defendants failed, or caused another with the same duty to fail, to collect, or to truthfully account for, or to pay over, the collected taxes at the time required;

    3.    That the defendants acted willfully, that is, the defendants acted voluntarily and intentionally in violation of a known legal duty.

United States v Thayer, 201 F.3d 214, 220 (3rd Cir. 1999); United States v Carrigan, 31 F.3d 130 (3rd Cir.1994); United States v Jones, 33 F.3d 1137, 1139 (9th Cir. 1994).

### III. PENALTIES

    **A. As to Count 1: Corrupt Obstruction of Administration of the Internal Revenue Code (26 U.S.C. § 7212(a)):**

    1. A term of imprisonment of not more than three (3) years (26 U.S.C. § 7206(1));

    2. A fine of not more than $250,000 (18 U.S.C. §§ 3571(d) and (e));

    3. A term of supervised release of not more than one (1) year (18 U.S.C. § 3583(b)(3));

    4. All of the above.

    **B. As to Counts 2-11: Corrupt Obstruction of Administration of the Internal Revenue Code (26 U.S.C. §7202):**

    1. Individuals - The maximum penalties for individuals are:

    (a) imprisonment for not more than five years (26 U.S.C. § 7202);

    (b) a fine not more than the greater of:

    (1) $250,000 (18 U.S.C. ' 3571(b)(3));

    or

    (2) an alternative fine in an amount not

more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. '3571(d));

        (c)  a term of supervised release of not more than three (3) years. (18 U.S.C. '3583);

        (d)  Any or all of the above.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

*[signature]*

JAMES Y. GARRETT
Assistant U.S. Attorney
PA ID No. 12466