IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

vs.                                                                                       Criminal No. 14-181

STEVEN J. LYNCH,

    Defendant.

MOTION FOR DISCOVERY OF UNREDACTED RULE 16 MATERIALS

    AND NOW, comes STEVEN J. LYNCH, Defendant, by and through his Attorneys, Marcus & Shapira, LLP, Robert M. Barnes, and G. William Bills, Jr., Esquire, and requests this Honorable Court for an Order ordering the Government to disclose unredacted Rule 16 discovery materials, and, in support thereof, avers the following:

    1.  The Defendant, Steven J. Lynch, has been charged by indictment at the above-captioned case number with Obstruction of the Administration of the Internal Revenue Code, in violation of 26 U.S.C. §7212(a) and with Willful Failure to Pay Over Payroll Taxes in violation of 26 U.S.C. §7202.

    2.  A request for summons was issued on July 29, 2014 and a summons was issued on July 29, 2014 for the Defendant to appear for an initial appearance on August 19, 2014.

    3.  Counsel herein entered their appearances on behalf of the Defendant on July 31, 2014.

    4.  Defendant appeared as required on August 14, 2014 for the initial appearance and was also arraigned on the above charges that same date.

    5.  The time for filing of pretrial motions was extended, by Order of Magistrate Judge Eddy, to October 6, 2014.

6. The time for filing pretrial motions was extended, by request of the Defendant and Order of this Honorable Court, to November 5, 2014.

7. The time for filing pretrial motions was then extended by request of the Defendant and Order of this Honorable Court to January 5, 2015.

8. The Defendant has received redacted Rule 16 discovery materials from the United States' Attorney's Office, in disc form, for review. The items are voluminous and extensively redacted. See <u>Exhibits 1-5</u>.

9. Steven J. Lynch authorized Robert M. Barnes, Esquire and G. William Bills, Jr., Esquire to retain the services of David Kaplan, CPA/ABV/CFF, JD, CVA (BDO USA, LLP) on or about August 2014 to analyze Mr. Lynch's corporations' financial records as well as the documents provided by the Government. Mr. Kaplan and his staff have been working diligently since the date of their retention.

10. Counsel for Mr. Lynch requested a lengthy extension of time to file pretrial motions to allow Mr. Kaplan to review the voluminous documents (over 350 boxes) and complete his analysis. A hearing on the this request was held on January 27, 2015, at which time this Honorable Court granted the extension and extended the time for filing pretrial motions to September 30, 2015 and ordered that the Expert provide the Court and Counsel with a report of his findings.

11. Defendant then filed a Motion to Clarify the Orders Granting Extension of Time to File Pretrial Motions addressing the type and nature of the Expert Report that was to be provided by September 30, 2015. This Honorable Court issued an Order dated March 25, 2015 clarifying that the expert report is to be a status report based upon the preliminary fieldwork conducted by

the expert to date, and after the resolution of any pretrial motions a final expert report with opinions will be provided before the trial as determined by the Court.

12. Mr. Kaplan, as detailed in his letter attached as Exhibit A to the most recent Motion for Extension of Time to File Pretrial Motions (and attached hereto as Exhibit 6), is conducting a thorough review of approximately 350 boxes of documents related to nine (9) primary entities and approximately 25 ancillary or related entities which are the subject of the instant charges against Mr. Lynch.

The scope of Mr. Kaplan's review and analysis of Mr. Lynch's case also encompasses review of the materials provided by the Government pursuant to Fed.R.Crim.P. Rule 16 (Rule 16 Materials).

13. As mentioned above, these Rule 16 materials have been extensively redacted. See attached Exhibits 1-5.

Rule 16 requires that the Government disclose, upon the Defendant's request, (1) "Any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial"; (2) Any relevant "written or recorded statement by the defendant" if the statement is in the government's possession or control, and the government knows of the statement; (3) Any written record containing the substance of a defendant's oral statements provided the statement is made in response to interrogation by a person the defendant knew to be a government agent; and (4) any recordings of the defendant's grand jury testimony, if related to the offense. Fed.R.Crim.P. Rule 16. See also, United States v. Maury, 695 F.3d 227, 248 (3d.Cir. 2012).

Pursuant to Fed.R.Crim.P. Rule 16(E), upon the defendant's request, the government must also "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control, and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant."

Rule 16 carves out certain exceptions, however, related to attorney work product and excludes discovery/inspection of statements made by prospective government witnesses except as provided under the Jencks Act, 18 U.S.C. §3500.

Fed.R.Crim.P. Rule 16(e) grants the court discretion to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." This rule provides that the court may enter a protective order concerning certain discovery materials and may permit a party to show good cause by a written statement that the court will inspect ex parte, prior to disclosure of the discovery items requested.

The recognized purpose of Rule 16 discovery is to "contribute to the fair and efficient administration of justice by providing the defendant with sufficient information upon which to base an informed plea and litigation strategy; by facilitating the raising of objections to admissibility prior to trial; by minimizing the undesirable effect of surprise at trial; and by contributing to the accuracy of the fact-finding process." United States v. Lanoue, 71 F.3d 966, 976 (1st Cir. 1995).[1]

---

[1] There is a dearth of case law discussing the discovery and production of unredacted Rule 16 materials and an absence of any binding precedence. Moreover, this case presents a unique situation in so much as the defense has been ordered to provide a report regarding the preliminary findings of the Defendant's expert based on that expert's review of pertinent case materials including, *inter alia*, Rule 16 materials.

Here, the heavily redacted Rule 16 material as provided by the government frustrates the purpose and intent of Rule 16.  Presumably, the government redacted the portions of the discovery provided under Rule 16 to prevent early disclosure of Jencks Act materials.  However, these redactions remove the critical context in which Mr. Lynch's statements were made and recorded.  The extensively redacted discovery materials provided by the government in their essentially useless present form are tantamount to providing no discovery at all, as the inculpatory or exculpatory nature of the statements cannot be ascertained without an understanding of the context in which they were made.  Furthermore, Mr. Kaplan is unable to effectively analyze the import of the statements and is unable to determine what impact, if any, those statements might bear on his ultimate opinion.  This places Mr. Kaplan in the unenviable dilemma of either trying to decipher the meaningfulness of the statements contained in the Rule 16 material and basing his expert report on whatever inferences he can draw, or excluding the Rule 16 material from his analysis and court-ordered expert report.  Neither of these outcomes is productive; neither of these outcomes helps the defense formulate litigation strategy or facilitates the raising of objections to admissibility prior to trial.

Thus, the Defense respectfully requests that the government turn over unredacted versions of the Rule 16 materials.  The material sought by Mr. Lynch will be inevitably discovered.  Mr. Lynch respectfully requests access to these materials to aid in the preparation of his litigation strategy and to enable Mr. Kaplan to fully comply with this Honorable Court's Order that he file his expert report by September 30.  If this Honorable Court deemed it necessary, in order to prevent early disclosure of Jencks material, the names of the government witnesses could remain redacted.  This would grant the defense the ability to understand the substance and context of Mr. Lynch's alleged statements while still keeping the identity of

potential government witnesses confidential. Alternatively, upon good cause shown, this Honorable Court could grant discovery of the unredacted Rule 16 material subject to a protective order.

Furthermore, the unredacted portions of the Rule 16 material likely contain <u>Brady</u> and/or <u>Giglio</u> material and therefore should be produced. At a minimum, the Government should be required to identify and disclose those protions of the redacted materials that contain <u>Brady</u> and/or <u>Giglio</u> material or arffirmatively state that the redacted portions contain no such material. <u>U.S. v. Joyce</u>, 2008 WL 2512657 *3 (W.D.Pa. 2008).

As the Third Circuit Court of Appeals recently stated in <u>U.S. v. Georgiou</u>, 777 F.3d 125, 138-39 (3d Cir. 2015):

> Under <u>Brady</u>, the Government is required, upon request, to produce "evidence favorable to an accused." 373 U.S. at 87, 83 S.Ct. 1194. The failure to do so will result in a due process violation if the suppressed evidence "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Id</u>. To establish a <u>Brady</u> violation, a defendant must demonstrate that: "(1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment." <u>United States v. Pelullo</u>, 399 F.3d 197, 209 (3d Cir. 2005) (<u>quoting United States v. Dixon</u>, 132 F. 3d 192, 199 (5th Cir. 1997).
>
> [E]vidence is favorable if it is impeaching or exculpatory. <u>Banks v. Dretke</u>, 540 U.S. 668, 691 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004); <u>Johnston v. Folino</u>, 705 F.3d 117, 128 (3d Cir. 2013). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome" of the trial. <u>United States v. Bagley</u>, 473 U.S. 667, 682 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); see also <u>Kyles v. Whitley</u>, 514 U.S. 419, 441-54, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).
>
> Impeachment evidence falls squarely within the <u>Brady</u> rule. See <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>U.S. v. Scott</u>, ---Fed.Appx.---, 2015 WL 1639576 *10 (3d Cir. Apr. 14, 2015). Under <u>Giglio</u>, the government must disclose matierlas that go to the question of guilt or innocence as well as materials that might affect the jury's judgment of the credibility of a crucial prosecution witness. <u>U.S. v. Friedma</u>, 658 F.3d 342, 358 (3d Cir. 2011).

Here, the Rule 16 materials likely contain either <u>Brady</u> and/or <u>Giglio</u> information in the form of either substantive exculpatory evidence, or, at the least, impeachment evidence. Essentially, documented in the Rule 16 materials are government witnesses' impressions, descriptions, and versions of events/interviews which comprise the "statements of the accused," which is why they are considered Rule 16 material. The redacted portions of these materials provide context to these statements. Without this context, it is impossible to distinguish the nature of the statements, i.e. exculpatory vs. inculpatory. Moreover, without this context it is impossible to determine the impeachment value, if any, of the statements contained in the Rule 16 material.

WHEREFORE, the Defendant respectfully requests that he be provided with unredacted versions of the Rule 16 discovery materials.

<u>/s/ Robert M. Barnes</u>

Robert M. Barnes, Esq.
Marcus & Shapira, LLC
One Oxford Centre, 35th Floor
301 Grant Street
Pittsburgh, PA 15219
412/471-3490
412/391-8758 FAX
rbarnes@marcus-shapira.com

<u>/s/ G. William Bills, Jr.</u>

G. William Bills, Jr., Esq.
Attorney at Law
437 Grant Street
407 Frick Building
Pittsburgh, PA 15219
412/261-3340
412/261-9211 FAX
gwilliambills@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion for Discovery of Unredacted Rule 16 Materials has been served, via electronic filing, on the following:

James Y. Garrett, Esquire
Assistant United States Attorney
United States Attorney's Office
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Date: 5/29/15                    <u>/s/ Robert M. Barnes</u>        <u>/s/ G. William Bills, Jr.</u>
                                 Robert M. Barnes, Esq.        G. William Bills, Jr., Esq.