Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**          **TIN: 25-1562427**



ACTION DATE: 08/29/2005  SYSTEM DATE: 08/29/2005  CONTACT: OFFICE  CREATE ID: 23061325

```
TP/POA CONTACT
PAYMENT/DEL RET DEMAND
FULL COMPLIANCE CK
DEADLINE GIVEN
PUB 1 VERIFIED
LEVY SOURCE
EXPLAINED OIC PROV.
ADV OF 3RD PRTY CONTACTS
PUB 1660 VERIFIED
PUB 594 VERIFIED
ADV OF TP ADVOCATE PROG
```

```
TP/POA CONTACT
  RESULTS:  TP ---owner--S LYNCH into office . Reviewed all initial contact
requirements , info sent to TP--PUBS --TFRP-lien--1058-levy --6020b --appeals
. Reviewed OIC--433D and case -----TP would not give 433B or 4180 but said he
will provide one . TP might want to pay off liab in one year ---no specifics
I started to prepare 433B and 4180 , but TP would not finish stating he would
complete and send in.
```

```
PUB 1 VERIFIED
  It was previously received by TP/POA.
  Provided explanation of contents on 08/29/2005.
  Answered questions on 08/29/2005.
  TP understands PUB1
```

```
LEVY SOURCE
  RESULTS:  TP said he thinks NO ACCTS REC AND NO BANK ACCT
            NOTHING TO LEVY--HE SAID
```

```
                    REQUESTOR: 9510-3014
                 ARCHIVE HISTORY TRANSCRIPT
                    HISTORY INFORMATION
```

| **Name: SJR DEVELOPMENT COMPANY INC** | **TIN: 25-1562427** |
| --- | --- |

FULL COMPLIANCE CK
  1040 INFO :  N/A
  941 INFO  :  TP said no more 941 liab after 12/31/2004
  940 INFO  :  200412 unfiled --TP said filed under ALDER ST --showed
copy--no more filing for 940 after 12/31/2004   -TP will file ZERO 10 200412


  1120 INFO :  On ext  200412 unfiled

  OTHER INFO:  N/A


DEADLINE GIVEN
  DATE DUE:  10/01/2005
  ACTION:  CIS and 4180 --file and pay 10 200412 and statment that no more
filing for 941
  CONSEQUENCES:  6020b --TFRP--levy action --poss OIC--433D--TP said he might
want to pay off


PUB 594 VERIFIED
  Provided explanation of contents on 08/29/2005.
  Answered questions on 08/29/2005.


PUB 1660 VERIFIED
  Provided explanation of contents on 08/29/2005.
  Answered questions on 08/29/2005.


TP said this corp is a " flow through entity " which results in small losses.
TP said he wants to pay 6100  per month or so to pay off in one year--Would
NOT provide details where $ was coming from .Discussed CDP --TP wants to
provide 433B and 4180 and poss 433D and if no good will appeal.



Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

```
                    REQUESTOR: 9510-3014
                    ARCHIVE HISTORY TRANSCRIPT
                       HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

ACTION DATE: 02/13/2006   SYSTEM DATE: 02/13/2006   CONTACT: OFFICE   CREATE ID: 22061325

TP/POA CONTACT
PAYMENT/DEL RET DEMAND
FULL COMPLIANCE CK
DEADLINE GIVEN
PUB 1 VERIFIED
EXPLAINED OIC PROV.
ADV OF 3RD PRTY CONTACTS
PUB 1660 VERIFIED
PUB 594 VERIFIED
ADV OF TP ADVOCATE PROG
CAUSE AND CURE
FORM 9297 PROVIDED


TP/POA CONTACT
  RESULTS:  P call from owner S LYNCH ( calling about his personal case )
--reviewed all initial contact requirements,info sent
TP---PUB1,APPEALS--TFRP--1058 --liens--levy --433D--OIC ---TP has CDP for new
periods    SEE PRIOR --------9297 PREVIOIUSLY ISSUED---------SEE PRIOR
levies were prev issued--TP said ZERO assets SJR  --NO INFO FOR SJR --NO
PLANS TO SETTLE SJR ++++++++++++++HAS CDP ON 10 200412 AND 01 200503 AND 06
+++++++++++++++++++++++++    no plans to settle 2004 liab ---941 with SJR
TP would NOT give CIS or levy info on SJR


PUB 1 VERIFIED
  It was previously received by TP/POA.
  Provided explanation of contents on 02/13/2006.
  Answered questions on 02/13/2006.
  TP understands PUB 1


FULL COMPLIANCE CK
1040 INFO : Filing and current ES - see LYNCH personal --OK THROUGH 2004

941 INFO  : Filing, type of depositor and current FTD - TP said NO LIAB FOR
2005-----WILL FILE ZERO TAX DUE 200503 AND 200505 AND NO MORE EMPLOYEES FOR
THIS ENTITY FROM 200503 FORWARD  ++++++++++++++++++++++

940 INFO  : Filing and current FTD - TP SAID 940 200412 WAS FILED UNDER ALDER
ST AND WILL FILE 2004 FOR SJR---- ZERO AND FINAL


1120 INFO : Filing and current ES - OK THROUGH 2004

OTHER INFO: N/A

CAUSE AND CURE
  RESULTS:  Ignored tax laws ---timely FTDS ----TP said AS of JAN 2005  --no

```
                              Page: 24
                    Sensitive But Unclassified
```

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

more employees under this EIN


DEADLINE GIVEN
   DATE DUE:  02/23/2006 levies already issued previously --- on NON CDP  -
   TP coming in on 02-23-06 for personal CIS --hopefully can get 433B on this
EIN at  that time        TP did NOT NOT NOT SHOW UP FOR PRIOR APPT for CIS

   ACTION:  CIS--F PAY--ALL CURR AND ALL RETURNS FILED AND PAID NOW


   CONSEQUENCES:  1058 PREV ISSUED AS WELL AS LIENS FILED-433 D OIC  LEVY
ALREADY ISSUED
                       CDP IN PLACE ON 10 200412 AND 01 200503 AND 06 ---
NO PLANS TO SETTLE 01 200409 AND 200412


PUB 594 VERIFIED
   Provided explanation of contents on 02/13/2006.
   Answered questions on 02/13/2006.


PUB 1660 VERIFIED
   Provided explanation of contents on 02/13/2006.
   Answered questions on 02/13/2006.


Will review WITH MANAGER ++++++++++BEFORE ANY MORE LEVIES =--------LEVIES
WERE ISSUED PRIOR TO CDP +++++++++++++++++++++++++ TP said will file ZERO
TAX DUE on CDP PERIODS



```
            REQUESTOR: 9510-3014
         ARCHIVE HISTORY TRANSCRIPT
            HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

ACTION DATE: 02/23/2006  SYSTEM DATE: 02/23/2006  CONTACT: OFFICE  CREATE ID: 22061325

GENERAL HISTORY


TP LYNCH into office-------see LYNCH--ALDER ST----total non cooperation .
Would not discuss case . Does not want to pay ---CDP previously submitted .
TP said this EIN has had no employees since 2004 . TP might do OIC .

ACTION DATE: 02/27/2006  SYSTEM DATE: 02/27/2006  CONTACT: OFFICE  CREATE ID: 22061325

GENERAL HISTORY


TP would NOT NOT NOT NOT give  CIS or any info when he was in the office the
other day . TP wants to possibly submit OIC for TAX only stating that entity
has no assets--NONE---. TP stated that NO MORE EMPLOYEES--------ALL UNDER
ALDER ST. TP only wants to discuss what IRS should do for him ( abate all int
and pen-------------NO REASONABLE CAUSE ) . TP will not discuss paying IRS
debts.



Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**            **TIN: 25-1562427**



ACTION DATE: 11/15/2006   SYSTEM DATE: 11/15/2006   CONTACT: OFFICE   CREATE ID: 22062439

GENERAL HISTORY

Flexiplace:
Return voice mail message from officer, Steven J Lynch.  Indicates wishes to
speak with me regarding this taxpayer and related Iceoplex at Southpointe,
LLC entity and Alder Street Management Company.  Left message for return call
to 412-422-7612.
TC there. Not present. LMCB.



ACTION DATE: 11/16/2006   SYSTEM DATE: 11/16/2006   CONTACT: OFFICE   CREATE ID: 22062439

GENERAL HISTORY

Return voice mail message from Lynch.  Again requested return call to him
today (available this morning) - 412-392-3000.
TC there.  Message indicates in office, but not available.



REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

| Name: SJR DEVELOPMENT COMPANY INC | TIN: 25-1562427 |
|---|---|

Follow up - Later today - Return call from Steve Lynch.

Return call from Steve Lynch.  Verified past receipt and understanding of PUB
1, 594, 1660 and verified that he had no questions.  Reviewed right to
representation, right to speak to GM, TAO, CDP/CAP Appeal rights and 3rd
party rights.  Reviewed account with TP advising him of upcoming (10)200412,
(01)200506 tax abatements, and (01)200409, 200412 liabilities remaining.
Requested payment.  TP states he feels that (01)200409, 200412 is not liable,
because all employee payroll should have been reported under EIN of Alder
Street Management Company (single member disregarded entity until
12/31/2004), but it was not.  Technically, (01)200409, 200412 should have
been abated via TP filing 0 returns under corporation, but since Steven Lynch
won't submit 0 returns he wants to submit OIC (Doubt as to Collectability).
States corporation has very little assets, if any.  Wasn't sure what they are
at this time.  States needs until 12/16/2006 to submit OIC, with 433B etc.
States corporation is inactive since 12/31/2004 and has little or no assets.
Advised TP (President - Lynch) to provide me OIC with all attachments by
12/16/2006 or I would pursue enforced levy action of bank accounts, accounts
receivable and any other assets found.  TP understood.  Completed and mailed
Form 9297 to TP with demands/deadline and consequences.
Compliance:  941's, 940's - No longer liable.
             1120's - thru 2005  -Filed and Paid.
             1040's - Believes all filed and paid.
             1099's/W-2's - no longer liable, but all previous filed.
             W-4 - aware of notifying IRS when large amount of exemptions
             or possible fraud involved.
Cause-Misappropriated funds
Cure - Advised of proper way/time to make FTD's.
Follow up - 12/16/2006 - OIC/433B or pursue E/A.



Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**



ACTION DATE: 03/07/2007  SYSTEM DATE: 03/07/2007  CONTACT: OFFICE  CREATE ID: 22062439

GENERAL HISTORY

TC from Steve Lynch.  Returning my call.
Questioned why no levy responses.  Claims none of the entities owe TP any
money.
Requested he send these responses to levies in writing.
_____
TP is a corporation, who for the periods in 2004 was a 100% owner of a single
member LLC, called Alder Street Management LLC.  Claims he was also assessed
under Alder Street Management LLC's EIN (apparent 6020b) in error and wants
this abated.  Claims we assessed this illegally.  In any case, I advised him
to provide me signed corrected (01)200409, 200412 returns for Alder Street
Management LLC, and I would pursue possible abatements of tax.  Claims all
employee payroll was reported under EIN of SJR Development Inc. during 2004.
_____
States corporation has very little assets - None of which would have any
value to IRS.  When asked for specific assets - He indicated he didn't know.
Asked him about his intent still to submit 433B and OIC.  He stated he would,
but he again couldn't commit to any specific timeframe.  Advised him that in
the meantime, I would have to pursue additional investigation to find assets
for additional levy, until he provided me info.  He indicated he understood
and that he would expect me to do that.

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**



ACTION DATE: 03/16/2007   SYSTEM DATE: 03/16/2007   CONTACT: OFFICE   CREATE ID: 22062439

GENERAL HISTORY

TC from Steve Lynch - Requests until 3/23/2007 to provide me 433B.  Advised
OK.  Extension granted.  States no $'s owed to TP from sources levied.
Receipt of (01)200412 Alder Street Management, LLC return reflecting 0 tax.
NOTE:  Reminded TP if no 433B, levy responses, I would have to send
additional levies and consider Final Demand (668C) of levied parties.
POA understood.   GM approved 3870 for 200506 previously.



Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**



ACTION DATE: 04/16/2007   SYSTEM DATE: 04/16/2007   CONTACT: OFFICE   CREATE ID: 22062439

GENERAL HISTORY

Return voice mail message received, followed by return call to Steve Lynch at
412-422-7612.



```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

██████████████████████████████████████████████████████

██████████████████████████████████████████

ACTION DATE: 04/19/2007  SYSTEM DATE: 04/19/2007  CONTACT: OFFICE  CREATE ID: 22062439

GENERAL HISTORY

Received TC from Steve Lynch.  Clarified entity situation.  States TP was the
single member owner of Alder Street Management Company, LLC during 200409 and
200412.  Indicates prior to 200409, SJLDLR Enterprises, LP was the single
member owner, with TP (SJR Development Company Inc being the General Ptr of
SJLDLR Enterprises LP).
Reviewed 433B - Questioned Gross Receipts - States no longer - indicates was
          from redemption of another company.
  Investments - only book value.
  Again indicated no assets.
NOTE:  TP again indicates that he wants to submit OIC - but realizes that we
have no ability to collect.  Indicates that he will submit within next two
weeks.  Believes 1120(S) was filed or on extension for 2006.  Will check in

████████████████████████████████████████████████

```
                REQUESTOR: 9510-3014
              ARCHIVE HISTORY TRANSCRIPT
                HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                     **TIN: 25-1562427**



ACTION DATE: 10/05/2007  SYSTEM DATE: 10/05/2007  CONTACT: PHONE  CREATE ID: 22062440

ATTEMPTED CONTACT


ATTEMPTED TP/POA CONTACT
    RESULTS:  Recevied Voice Mail Message call from Taxpayer S.L.


ACTION DATE: 10/16/2007  SYSTEM DATE: 10/16/2007  CONTACT: PHONE  CREATE ID: 22062440

TP/POA CONTACT
PAYMENT/DEL RET DEMAND
FULL COMPLIANCE CK
GENERAL HISTORY
PUB 1 VERIFIED
LEVY SOURCE
ADV OF 3RD PRTY CONTACTS
PUB 1660 VERIFIED
PUB 594 VERIFIED
ADV OF TP ADVOCATE PROG


TP/POA CONTACT

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

| Name: SJR DEVELOPMENT COMPANY INC | TIN: 25-1562427 |
|---|---|

RESULTS: Recevied Voice Mail Message from Taxpayer, returned call and spoke with Taxpayer.  Went over Pub 1, 594, 1660, CAP/CDP, Taxpayer Advocate, 3164 Taxpayer had no questions as these have been discussed several time before.

PUB 1 VERIFIED
    It was previously received by TP/POA.
    It was delivered/mailed to TP/POA on 10/16/07
    Provided explanation of contents on
    No Taxpayer questions.

PUB 594 VERIFIED
    Provided explanation of contents on 10/16/07
    No Taxpayer questions.

PUB 1660 VERIFIED
    Provided explanation of contents on 10/16/07
    No Taxpayer questions.


LEVY SOURCES
    RESULTS: verified ICS levy source.

FULL COMPLIANCE CK:

Cause/Cure: previously addressed by prior RO.

Advised Taxpayer that case would be transferred within the next month and discussed why.  Taxpayer understood.  Taxpayer questioned September's payment application.  Due to the number of entities I requested Taxpayer to submit a letter request with date of payment so that I could pull specific transcripts for him.  He will fax it to me.

Requested full pay / part pay: advised Taxpayer that any balance he knows he owes, he need to make payment on.  Since I have not made an analysis of the cases I cannot give Taxpayer an informed interview at this time and since the case is going to be transferred I will not invest the time to understand Taxpayer's structure.

I could not ascertain whether or not Taxpayer is in compliance and what kind of depositor Taxpayer is at this time.

Taxpayer understands that this account will be transferred by 11/30.  If not I will schedule to complete a full analysis and schedule an appointment with Taxpayer to continue work of the case.

Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

```
                REQUESTOR: 9510-3014
             ARCHIVE HISTORY TRANSCRIPT
                HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

---

ACTION DATE: 04/30/2008  SYSTEM DATE: 05/01/2008  CONTACT: OFFICE  CREATE ID: 22062411

TP/POA CONTACT
DEADLINE GIVEN
PUB 1 VERIFIED
ADV OF 3RD PRTY CONTACTS
PUB 1660 VERIFIED
PUB 594 VERIFIED


TP/POA CONTACT
    RESULTS:  meeting with Lynch abnd Julia Wahl

PUB 1 VERIFIED
    It was previously received by TP/POA.
 Provided explanation of contents on 04/30/2008.
    Answered questions on 04/30/2008.

DEADLINE GIVEN
    DATE DUE:  06/04/2008
 ACTION:  meeting - to provide documentation
 CONSEQUENCES:  summons

PUB 594 VERIFIED
    Provided explanation of contents on 04/30/2008.
    Answered questions on 04/30/2008.

PUB 1660 VERIFIED
    Provided explanation of contents on 04/30/2008.
    Answered questions on 04/30/2008.



Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**



Yesterday, we met with Lynch for 3 hours.  He presenting a large package,
indexed for all the exhibits for checks issued, letters, agreements etc and
we reviewed every page.



He also presented a long list of payments - per Julia's direction, I will
trace all of these payments to make sure he was given credit for them as
designated payments.

We discussed a lien that was recorded in Allegheny County against SJL-DLR
Enterprises, Steven Lynch partner.  This lien was erroneously filed in March
2004 when it was believed that Lynch was the liable for the payment of the
taxes for SJL-DLR by nature of his partnership being the single member of
Alder Street.  This was later determined to be incorrect (see earlier
history) and the lien was withdrawn in Washington County but not Allegheny
County.  I will need to research and request this withdrawal.

Lynch believes that once he is given credit for all the "misapplied"
payments, he will owe nothing.  He wants the lien released now - we explained
that, even if the payments are credited to his accounts, there may still be
interest due, and the liens will not be released until fully paid.  He stated
he will pay this interest.

After the agreement was reached pertaining to the open litigation, I
attempted to discuss the current liabilities still unpaid. I provide him with
Pub 1, 594 and 1660 - he has received on several occasions and had no
questions.  Lynch had absolutely no information, claiming he could not, off
the top of his head, answer questions concerning who were the owners of the
various LLCs during the periods at issue.  Julia asked him why he had so many
changes in his entities and his response was that it was complicated.

Sensitive But Unclassified

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

| Name: SJR DEVELOPMENT COMPANY INC | TIN: 25-1562427 |
|---|---|

Lynch then began to complain that a previous RO had appeared at his office unexpectedly and began asking questions and showing his credentials, when that person should have been dealing with him. He's claiming harassment. He also reiterated his position that our regulations concerning the single member disregarded entity issue for LLCs is against the law, and that our regulations concerning this caused all the problems. I pointed out that this entire problem was caused by his failure to pay his taxes when they were due. I also explained that, when we can't secure information to resolve the liabilities from the taxpayer, we contact third parties.

He questioned me on my refusal to abate the penalties on one of his entities, when the previous RO had already agreed that they would be abated. I told him that we, as revenue officers, don't have the authority to determine to abate penalties - the group manager must agree, and the previous RO did not submit this to the manager. We do, however, have the ability to deny the abatement, since the taxpayer is afforded appeal consideration. When I reviewed the case, I did not feel that abatement was warranted, and issued the letter accordingly. He then asked why I made that decision - I explained that he had numerous outstanding liabilities that were continuing and that I had located a letter from Appeals denying abatement on other similar penalties. He asked me if I considered the hardship issue - I told him that I followed our criteria, and that I normally didn't consider hardship since these were employment taxes withheld from employees pay, but that is why he is afforded appeal rights. He cited a Third Circuit case and asked me if I wasn't required to follow it - again, I told him hat I was not aware of the case, but I use our criteria - again, he was afforded his appeal rights. The letter I sent him concerning the denial of the abatement allowed him 15 days to respond - that 15 days has expired. His next step if he chooses to pursue this is to pay the penalties and file a claim. He made it clear that he does not believe Appeals will give him proper consideration on any issue and will pursue if necessary through the courts.

 I attempted to discuss compliance - the only information he would provide was that none of the entities currently assigned to me have employees after Dec. 2007 - his employees have all been consolidated under the Bodytech entity, using that EIN but the name had changed to SRA Services LLC. I told him that I found no current deposits for 2008 under that Bodytech number - he said he would have to check on this to make sure his information was correct.

He did explain the name used on our Body tech accounts for Katherine Lewis as the member. Lewis had the original business and still has other locations - however, she has nothing to do with the operation of Bodytech at Southpoint.

Although he had no information today concerning the current liabilities, I was not in a position to make an issue of this - this was Counsel's meeting, not one that I had arranged. We agreed that we would meet on June 4 in my office and he will provide all necessary information. I told him that I would be pre█████████████████████████████████████████████████████████
him.

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

ACTION DATE: 06/04/2008  SYSTEM DATE: 06/09/2008  CONTACT: OFFICE  CREATE ID: 22062411

TP/POA CONTACT
PUB 1 VERIFIED
PUB 1660 VERIFIED
PUB 594 VERIFIED
CAUSE AND CURE


TP/POA CONTACT
    RESULTS:  see history

PUB 1 VERIFIED
    It was previously received by TP/POA.
    Provided explanation of contents on 06/04/2008.
    Answered questions on 06/04/2008.

CAUSE AND CURE
    RESULTS:  see history

Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

| Name: SJR DEVELOPMENT COMPANY INC | TIN: 25-1562427 |
| --- | --- |

PUB 594 VERIFIED
    Provided explanation of contents on 06/04/2008.
    Answered questions on 06/04/2008.

PUB 1660 VERIFIED
    Provided explanation of contents on 06/04/2008.
    Answered questions on 06/04/2008.

This history is for the meeting held with Steven Lynch on Wed, June 4th.  The
meeting was held Wed morning but I had another field call that afternoon,
preventing me from completing the documentation that day. The payments
secured on Wed were posted that day, and letters advising of the remaining
amount due were also mailed as requested on 6/4, but there was no time to
complete the detailed history documentation.  On Thurs/Fri. June 5/6 I was on
an overnight field call to Chambersburg, so this is the first opportunity to
address this history.

Steven Lynch and his assistant, Katarina Krajina attended the meeting. Lynch
brought in a list of items to be addressed; primarily concerning the 9297's
issued after our last meeting.  We addressed each case - he provided
substantial payments on some:  He blamed cash flow for all non payment.

JSBR Investment LLC:

He provided cashiers check for 45,134.12 to be applied to all payroll taxes
for 01/200709 and some penalty and interest - remaining bal due will be made
on 6/11.

He provided cashiers check for 42,444.80 to be applied to all payroll taxes
for 01/200712 and some penalty and interest - remaining bal due will be made
on 6/11.


He provided a cashiers check for 3159.03 to be applied to payroll taxes for
10/200712 - balance due will be paid on 6/11

He did not provide the CIS or the copies of bank records because he will be
paying these in full within the week.

Per the notes he provided, this was a single member during 2007, with Steven
Lynch the only member.  Wages ceased in Dec 2007, but the business is still
operating.  As of Jan 2008, it became a multi-member, with SRA Investment LLC
and SRA Investment Company the members.  Steven Lynch was the only person
controlling the finances - responsible for the TFRP (moot point since all
taxes are now paid).

Iceoplex at Southpointe LLC:

He provided a cashiers check for 26,340.30 to be applied to payroll taxes for

Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

01/200709, and some penalty and interest - bal due to be paid on 6/11.

He provided a cashiers check for 27,701.39 to be applied to payroll taxes for 01/200712, with bal due to be paid on 6/11

He did not provide CIS because he had already given one to the Washington group.  I explained that these are only good for 1 year - his is outdated and must be completed. He is still arguing the legality of our assessments on this entity.  He also did not provide the copies of the bank records - again arguing the legality.  Since the taxes are paid, we no longer need the bank records for the TFRP.

As of 1/1/07 this entity was a multimember LLC, with SRA Investment LLC and SRA Investment Company the members.  For 2006 and prior, it was a single member, with Southpoint Rink Associates LP as the only member.

ASMC Investment LLC:

He provided a cashiers check for 25,644.45 to be applied to payroll taxes for 01/200709, with some penalty and interest paid.  The remaining amount will be paid on 6/11.

He provided a cashiers check for 30,547.93 to be applied to payroll taxes for 01/200712, with some penalty and interest paid - the bad due will be paid on 6/11.

He provided a cashier's check for 713.34 to be applied to940 taxes for 200712, with balance due paid on 6/11.

He did not provide the CIS because he will be paying these in full.  He also did not provide the copies of bank records for the same reason.

This entity was always a multi member, with SRA Investment LLC and Steven Lynch the members.

Bodytech at Southpoint LLC - name changed to SRA Services LLC as of Jan 2008.
 Same EIN,

He provided a check for 305.31 to be applied to penalties and interest for 01/200712.

He provided a check for 675.77 to be applied to penalties and interest for 01/200709.

He provided a check for 644.38 to be applied to penalties and interest for 01/200706.

He provided a check for 693.18 to be applied to penalties and interest for 01/200703

Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

| Name: SJR DEVELOPMENT COMPANY INC | TIN: 25-1562427 |
|---|---|

He provided a check for 299.83, to be applied to penalties and interest for 01/200612

As stated above, this entity is now called SRA Services LLC and now employs all of the people formerly covered by all the other entities.  This is now the only entity with employees.

He provided a cashiers check for 102,016.86 to fully pay the taxes due on the 01/200803 return.  This return was filed but it has not been processed yet. He also provided an amended return for this period - there was an error on the first return.  This amended return will be submitted for processing after the first return posts.

He did not provide the CIS or copies of checks because all taxes are now paid for this entity.


This was always a multimember entity - the current members are SRA Investment LLC and SRA Investment Company.  The former members were Steven Lynch and Kadee Lewis

With the payments received on Wed, June 4, all payroll taxes should now be paid, - no additional TFRP is required. Lynch requested I provide him with updated payoff figures completed to June 11, and he will provide payment. Letters advising him of the balanced due were sent to him on June 4 as requested.

We discussed my request for copies of the ban records for ASMC Holding - he told me refused to provide any of these records because I was in violation of the court order attempting to collect this money.  I explained to him that I wasn't requesting this information to enforce collection against this entity - I'm fully aware of the court order.  I was requesting this information to pursue a possible alter-ego against this entity since all the payments made last year were from one bank account titled in the name of Alder Street Management Co.  I think this surprised him and he agreed that he could see how this would appear.  However, since al the taxes are being paid, this should no longer be an issue.

We also discussed the prior concerns for his liens etc - I explained that the lien unit was correcting the liens and his name should be removed shortly. In addition, per my discussion with Julia Wahl, we will be issuing a withdrawal of the liens filed for his TFRP assessments.  I explained that, although I can't be sure that every penny has been paid (once the credits post to the correct entities we will know for sure), we are going to issue a withdrawal of the liens now.  I will be requesting this within the next week, although Advisory will have to process this so I can't give him a time frame.

Sensitive But Unclassified

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**



ACTION DATE: 03/17/2009  SYSTEM DATE: 03/17/2009  CONTACT: OTHER  CREATE ID: 22062411

GENERAL HISTORY

I received a phone message from Steven Lynch on Friday but I haven't returned the call yet

Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**          **TIN: 25-1562427**



ACTION DATE: 03/19/2009   SYSTEM DATE: 03/19/2009   CONTACT: OTHER   CREATE ID: 22062411

GENERAL HISTORY

The manager spoke to Lynch yesterday and concurred with my enforcement action against all entities - as a result, Lynch faxed Form 9423 for the CAP Appeal - this particular CAP appeal specifically relates to the Southpointe Rink Associates liabilities.  Per the 9423, he is claiming that our denial of an installment agreement is arbitrary and capricious. The manager noted in her history that no amount was ever offered for the agreement and therefore didn't need to be addressed as a formal request for IA.  She also advised him that we would only consider a request if he was current (he admitted he is not) and the agreement would have to include all entities, requiring a withdrawal of any CDP requests currently being considered.

I received a voice mail message yesterday from Lynch - he stated he had faxed the CAP request but thought we could work this out without going to Appeals - since he is not making any serious effort to resolve the back issues, and is running up substantial new liabilities for SRA Services LLC, I will not agree to any resolution other than full payment or enforcement action.



Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**



ACTION DATE: 03/27/2009  SYSTEM DATE: 03/27/2009  CONTACT: PHONE  CREATE ID: 22062411

GENERAL HISTORY

Received phone call from Steven lynch this morning.

Discussed the appointment letter for April 2 - he will appear as requested.

Discussed the levies issued by manager on SRA - Lynch filed a CDP directly

Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

with the service center on the new periods - he filed it with them because they sent him the notice. As a result, he wanted to point out that the levies issued by Kathleen Eisenbart were inappropriate.  I explained that the law had changed, allowing for the issuance of levies on new periods if there had been a CDP filed in the past 2 years - he was unaware of this law change. Luckily, I anticipated the CDP filing with the service center and their probably delay in processing it and continued with the DETL process rather than issuing the levies myself. These levies will stand.

He explained that his intention was to pay all of the liabilities and get current - I explained that I had heard this before, and that he had made absolutely no attempt to get current and stay current.  Not only did he not make any deposits during the 200806, 200809, 200812 or 200903 periods, he didn't pay any of the amounts when he received the notices.

We discussed his conversation with my manager concerning the CAP and the request for IA - he said that the manager had referred him back to me.  I explained that what she meant was that, if he was current and I felt an IA should be considered, that I would be the person handling the request - he is not current and there is no consideration to be given to the IA - I referred his case to Appeals.

We discussed the purpose of the meeting next week if Appeals was handing all of the SRA accounts now - since I must address the TFRP and can still levy on the SRA accounts even if the CDP is in effect I'm still considering these as collection accounts. We will need to secure the CIS as well as the 4180 (I also intend to deliver the 903 letter).  This does raise the issue however, on what actions other than issuing DETL levies we are permitted to take on DETL periods if Appeals is involved. That is not addressed in any of the memos we have received on this new process.

We discussed what it would take for me to consider him current. I explained that, considering his past history of non compliance, it would be more than him making one tax deposit on the current payroll - it would have to be demonstrated over a period of time.

We discussed the Iceoplex 12153 - I explained that Iceoplex did not qualify for a CDP because Iceoplex didn't owe the taxes for the periods in question. Lynch questioned why he had received notices recently in that name if Iceoplex did not owe the money - again, this is due to how the assessments are listed on the computer, but Southpointe Rink owes for those particular periods and Southpoint Rink already had the CDP.  Per Lynch, he is going to pay these assessments and then file a claim for refund and take the case to court. That is his right.

Once again, most of the conversation was geared to how he was cooperating and would be resolving these issues, but his actions don't support this.

Finally, we discussed the problems with the previous lien withdrawals and the

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

fact that they still haven't been corrected. I told him that I was aware of
his meeting with Julia Wahl and that she and I discussed the best way to
handle this.  I assured him that she had taken the necessary steps to try to
resolve.



ACTION DATE: 04/01/2009  SYSTEM DATE: 04/01/2009  CONTACT: OTHER   CREATE ID: 22062411



Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**          **TIN: 25-1562427**



ACTION DATE: 04/02/2009  SYSTEM DATE: 04/03/2009  CONTACT: OFFICE  CREATE ID: 22062411

GENERAL HISTORY

Documenting my meeting yesterday with Steven Lynch.

First, we discussed the SRA Services LLC issues. I hand delivered the L903 (the acting manager had previously mailed the letter, but the IRM requires hand delivery).  We discussed the necessity for current timely deposits, and the ramifications if he doesn't - monthly filing and special deposits, possible criminal prosecution. He will comply. He has a PIN for EFTPS but there was a problem - he may have to re-request another one.  If that is the case, he must make his deposits via coupon.  He pays every Friday, so the deposit is due the following Wed, and he must provide proof to me that the deposit was made.

Lynch is currently trying to secure financing to pay off all of the liabilities for all entities. Due to the national banking problems, he has been unable to do this, but is hopeful that he will be able to do this now that the TARP money is out there.  My lien on Southpointe Rink Associates is causing the problems because Southpointe Rink owns the real estate - he can't borrow unless the resolution of that lien is addressed. He expects the refinancing to be completed by the end of May.

We discussed the equity in the building - his outstanding mortgage is still 4 million - but he estimates the value of the building to be 10 million.  That may be optimistic in this economy, but he feels strongly that there is substantial equity.

We discussed the TFRP for SRA Services LLC, and prepared the 4180. Per Steven Lynch, he is the only person controlling the finances, and he directs all payments - however, he does not sign the checks.  His employees, Drew Mutschler and Dennis Allison sign the checks - at his direction.

As requested, he provided copies of the bank records, checks and the signature card for the TFRP.

We discussed the TFRP process for SRA Services LLC - he was concerned that another lien right now against him personally would cause problems with the new financing.  I explained the TFRP process - he will receive the 1153 and 2751 and be given 60 days to appeal, so this is not something that will

Thursday, July 17, 2014, 4:30 pm

```
REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION
```

**Name: SJR DEVELOPMENT COMPANY INC**                              **TIN: 25-1562427**

generate a lien immediately. If he appeals, then the assessment is not made until the appeal is resolved.  If he does not appeal, then the normal time frame for the assessment is several weeks. He was worried that the lien would be filed without any warning.  I assured him that no lien would be filed until he was given at least the first notice of the assessment.

We discussed the financial status of SRA Services LLC - I did not complete the CIS because there is noting to complete.  SRA Services provides labor to all of his other entities. There are no assets, and the income is basically what his other entities pay SRA for the labor.  He supplies the labor, issues an invoice to the other entities, and they pay the amount to reimburse the costs. Note - the IRM still has not addressed field collection activity other than the DETL when the taxpayer has filed a CDP.  My position is that I will monitor the current compliance and pursue the monthly filing issue if he doesn't remain current - and issue more DETL levies if necessary.  Other than that, his accounts can be worked by Appeals.

Much of what happens on SRA Services is going to depend on Steven's ability and willingness to get current and stay current.  He understands this. Any enforcement action would either be against the bank account or by levying his other entities - neither of these is likely to produce substantial results without effort. I was quite clear - I will allow him time to do the refinancing (for lack of a better way to resolve), but if he fails to make his deposits, I will pursue the monthly filing.

We then discussed Southpointe Rink Associates - he said that Appeals had told him that they wouldn't consider his CAP because he hadn't proposed an actual agreement.  I explained that we were considering his request to be an appeal based on the proposed levy, and that we had the ability to deny any IA request based on him continuing non-compliance.  We then discussed the possibility of a valid agreement.  Lynch correctly pointed out that, if we were willing to enter into a 12 month agreement (again hopefully receiving full payment when the refinancing was completed) we would receive money now that we would not be able to get until we took action against the real estate, since that is the only asset of Southpointe Rink Associates LP. He would argue any seizure action based on his continuing belief that Southpointe Rink as the single member of Iceoplex, was not really liable for the Iceoplex liabilities. I explained that, because of this conflict, I would recommend foreclosure of our lien in Federal Court.  This would take time and be costly, but it could be done.



Thursday, July 17, 2014, 4:30 pm

REQUESTOR: 9510-3014
ARCHIVE HISTORY TRANSCRIPT
HISTORY INFORMATION

**Name: SJR DEVELOPMENT COMPANY INC**                    **TIN: 25-1562427**

We agreed to the following concerning Southpointe Rink - he will submit a
formal request for IA by April 13.  If it appears reasonable I will recommend
the IA to the manager - any acceptance of the agreement is subject to her
approval and Lynch will be notified if she doesn't approve. He understands
that he does not have an agreement unless the manager approves the IA.

ACTION DATE: 04/03/2009  SYSTEM DATE: 04/03/2009  CONTACT: OTHER   CREATE ID: 22062411

Sensitive But Unclassified