IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

STEVEN J. LYNCH,

       Defendant.

Criminal No. 14-181
ELECTRONICALLY FILED

**MEMORANDUM ORDER RE:
DEFENDANT'S MOTIONS TO DISMISS (DOC. NOS. 76, 78, and 80)**

On July 29, 2014, Defendant Steven J. Lynch ("Defendant") was charged in an indictment with one (1) count of corrupt endeavor to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a), and eleven (11) counts of willful failure to pay over employment taxes, in violation of 26 U.S.C. § 7202. Doc. No. 1. On December 2, 2015, a Superseding Indictment was returned against Defendant, charging seventeen (17) additional counts of willful failure to pay over employment taxes. Doc. No. 43.

Pending before the Court are several motions to dismiss filed by Defendant:

(1) Motion to Dismiss Count One of the Superseding Indictment (doc. no. 76);

(2) Motion to Dismiss Count Two of the Superseding Indictment (doc. no. 78); and

(3) Motion to Dismiss Counts 2-29 of the Superseding Indictment (doc. no. 80).

The Court has considered the thorough briefing supplied by Defendant's briefs in support of his motions (doc. nos. 77, 79, and 81), the government's responses in opposition (doc. nos. 84, 85, and 86) and Defendant's reply briefs filed in support of each motion (doc. nos. 91, 92, and 93). For the reasons that follow, the Court will DENY the Defendant's Motions.

## I. Legal Standard

Federal Rule of Criminal Procedure 12(b)(3)(B) "allows a district court to review the sufficiency of the Government's pleadings to . . . ensur[e] that legally deficient charges do not go to a jury." *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011). An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment should not be dismissed if the Court finds that, assuming all of the facts in the indictment are true, a jury could find that the defendant committed the offense for which he was charged. *United States v. Huet*, 665 F.3d 588, 596 ((3d Cir. 2012).

The United States Court of Appeals for the Third Circuit summarized the standard by which a district court should consider the sufficiency of an indictment as follows:

> An indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. No greater specificity that the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy. Generally, an indictment will satisfy the requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violation occurred.

*Huet*, 665 F.3d at 595 (internal citations and quotations omitted).

## II. Analysis

### *1. Defendant's Motion to Dismiss Count One of the Superseding Indictment*

Count One of the Superseding Indictment charges Defendant with a corrupt endeavor to obstruct and impede the due administration of the Internal Revenue Laws under 26 U.S.C. § 7212(a). The relevant language of the statute prohibits any person from "in any other way corruptly or by force or threats of force . . . obstruct[ing] or imped[ing], or endeavor[ing] to obstruct or impede, the due administration of [the Internal Revenue Code.]" *Id.*

Defendant argues that the Superseding Indictment is insufficient and should be dismissed because: (1) it does not adequately plead facts to show that Defendant acted "corruptly" or "endeavored" "to knowingly and intentionally make any effort which has a reasonable tendency to bring about the desired result[,]" (doc. no. 77, pp. 7-8); (2) Defendant argues that his "good faith steps . . . to ensure that any employment tax liability was properly accounted for and reported to the IRS" is a lawful activity that cannot form the basis of a violation of Section 7212(a) (doc. no. 77, pp. 12-13); and (3) that the Superseding Indictment does not allege that Defendant obstructed or impeded the IRS's efforts to collect the employment taxes because, among other things, it fails to plead that there was an ongoing proceeding at the time of the allegedly corrupt acts (doc. no. 77, pp. 14-18).

In support of his argument that the conduct alleged in the Superseding Indictment fails to adequately support the charge of corrupt obstruction in violation of Section 7212(a), Defendant cites to a number of cases where different conduct than that alleged here supported a corrupt obstruction charge. Doc. No. 77, pp. 9-10 (collecting cases).

The Government counters that Defendant seeks a more narrow interpretation of Section

7212(a) than is warranted because the statute is intended to "prohibit *all* activities that seek to thwart the efforts of Government officers and employees in executing the laws enacted by Congress[,]" and there is no requirement that the Government has previously prosecuted cases with conduct identical to Defendant's for the case to proceed. Doc. No. 84, p. 5 (emphasis in original) (*citing United States v. Popkin*, 943 F.2d 1535, 1540 (11th Cir. 1991); and *United States v. Sorensen*, 801 F.3d 1217, 1239 (10th Cir. 2015)("Even if the Government has never prosecuted someone in [defendant's] position . . . we would still look to the statute's plan language and conclude [defendant's] charge fits within [ Section 7212(a)].")

The Government also argues that legal actions taken by a defendant can violate Section 7212(a) "if the defendant commits them to secure an unlawful benefit for himself or others." Doc. No. 84, p. 6 (*quoting United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). And finally, the Government illustrates that there is some confusion among the Courts of Appeals[1] regarding whether or not Section 7212(a) requires some proof that the defendant acted with knowledge of a pending IRS action - - concluding that even under the most restrictive standard stated in *United States v. Kassouf*, the Superseding Indictment adequately alleges facts that show Defendant was aware that the IRS was taking actions to attempt to collect the employment taxes due, and that he impeded the IRS's efforts to do so. Doc. No. 84, pp. 7-9.

The Court agrees that, even under the *Kassouf* standard, the Superseding Indictment alleges sufficient facts to show that Defendant took steps to create a shell company in response to the IRS informing Defendant that it would be taking action(s) to attempt to collect past-due

---

[1] Although the United States Court of Appeals for the Third Circuit has not directly addressed this issue, it has affirmed at least one case in which no pending IRS action was alleged. *See United States v. Crim*, 451 Fed. App'x 196 (3d Cir. 2011).

employment taxes from Defendant - - satisfying both the "pending action" and "nexus" requirements Defendant urges the Court to apply. Doc. No. 43, ¶¶ 20-22; 32. Defendant's submission of the recent United States Supreme Court decision in *McDonnell v. United States*, Case No. 15-474, -- U.S. -- (June 27, 2016), is unavailing. The holding in *McDonnell* regarding the definition of an "official act" under the bribery statute, 18 U.S.C. § 201(a)(3), is inapposite to the charge under Section 7212(a) of the Internal Revenue Code, here.

Defendant's arguments seemingly ignore the applicable standard a district court must apply when considering the sufficiency of an indictment - - which requires only that a defendant be given notice of the elements of the offense(s) charged against him, informs the defendant of the statute he is charged with violating, and specifies the time period during which the violation occurred. *See Huet*, 665 F.3d at 595. The Court finds that the majority of Defendant's arguments ask the Court to weigh the sufficiency of the evidence and are not proper legal challenges to the Superseding Indictment. *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.")

Further, contrary to Defendant's assertion that the cases he cites show that the conduct charged in the Superseding Indictment cannot support a corrupt obstruction charge, the cases cited highlight that a broad interpretation of Section 7212(a) is warranted and that the statute does not limit the conduct that can support a charge. *See Popkin*, 943 at 1540 ("it is necessary to have in place a comprehensive statute in order to prevent taxpayers . . . from gaining unlawful benefits by employing that 'variety of corrupt methods' that is 'limited only by the imagination of the criminally inclined.'" (quoting *United States v. Martin*, 747 F.2d 1404 (11th Cir. 1984)).

5

In *United States v. Reeves*, the United States Court of Appeals for the Fifth Circuit discussed the proper elements the government must establish to prove a violation of Section 7212(a) as follows:

> We hold that the filing of frivolous common law liens with the intention of securing improper benefits of advantages for one's self or for others constitutes a prohibited corrupt endeavor under section 7212(a). In the present case it may be that Reeves meant to impede or intimidate officers or agents of the Internal Revenue Service from collecting his just debt of taxes due or from scrutinizing his tax accounts; or it may be that he engaged in this conduct to secure an improper advantage or benefit for other unnamed persons or groups of persons. If this is the case, his actions constituted a corrupt endeavor under section 7212(a).

752 F.2d 995, 1001-1002 (5th Cir. 1985). The *Reeves* case, and others, establish that it is the intent of the defendant that is the most important inquiry to prove a corrupt endeavor in these cases. A determination of Defendant's intent cannot be gleaned from the pleadings and the briefing of this issue, no matter how extensive. That is an issue which must be resolved by a jury.

The Court finds that the Superseding Indictment adequately sets forth a charge of corrupt obstruction in violation of Section 7212(a) by charging Defendant with conduct that, *inter alia*, alleges that Defendant knew that the IRS planned to take action to collect past due employment taxes, (doc. no. 43 ¶¶ 20-21), and that Defendant set up a "shell company" (doc. no. 43 ¶ 22) for the purpose of obstructing or impeding the IRS's efforts to collect the employment taxes owed (doc. no. 43 ¶ 32). The Superseding Indictment contains the elements of the offense charged and apprises the Defendant of what he must be prepared to meet. *See Huet*, 665 F.3d at 595.

Accordingly, Defendant's Motion to Dismiss Count One of the Superseding Indictment is DENIED.

### 2. *Defendant's Motion to Dismiss Count Two of the Superseding Indictment*

Count Two of the Superseding Indictment charges Defendant with willfully failing to pay over employment taxes in violation of 26 U.S.C. § 7202 which provides that:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

Defendant argues that, because the employment taxes at issue (approximately $60,592) in Count Two of the Superseding Indictment were eventually paid to the IRS - - and because payment was complete in 2011, nearly four years before Defendant was indicted, the Defendant cannot be charged with a violation of Section 7202. Doc. No. 79.

The Government counters that Defendant completed this crime for the quarter ending June 30, 2008 - - when the employment taxes were due - - and that satisfaction of the amount due after the completion of the crime does not bar the Government from charging a defendant with a Section 7202 violation. Doc. No. 85.

The Government cites *United States v. Gollapudi*, 130 F.3d 66 (3d Cir. 1997), which is instructive on this issue. In *Gollapudi*, defendant withheld taxes from his employees' wages but did not pay over the taxes to the IRS. *Id.* at 68-69. After an IRS examiner approached the defendant about the taxes, the defendant paid them. *Id.* Several years later, the defendant was indicted for failing to account for and pay over to the IRS in violation of Section 7202, even

7

though the taxes had been paid. *Id.* The defendant in *Gollapudi* was convicted, and the Court of Appeals for the Third Circuit affirmed. 130 F.3d 66 (*affirming* 947 F. Supp. 768 (D.N.J. 1996)).

The Government also cites to *United States v. Quinn*, 566 Fed. Appx. 659 (10th Cir. 2014), a case in which the defendant attempted to avoid the completion of a criminal prosecution - - after indictment - - by the paying over the taxes due to the IRS. *Id.* at 665. The Court of Appeals for the Tenth Circuit found that allowing such an action by a defendant to avoid prosecution would thwart the purpose of the statute: "[The defendant's] remarkable proposition that an employer can ignore tax liabilities until just moments before the jury reaches a verdict staggers the imagination." *Id.*

The Court finds these arguments to be persuasive. Although Defendant eventually satisfied the outstanding amount of employment taxes owed to the IRS, if the Government can prove that his initial failure to pay over the taxes was "willful" as prescribed by Section 7202, then a violation of the statute will be established. Defendant's Motion to Dismiss Count Two of the Superseding Indictment is DENIED.

### *3. Defendant's Motion to Dismiss Counts 2-29 of the Superseding Indictment*

Counts 2-29 of the Superseding Indictment charge violations of Section 7202, which is set forth in Section 2, above.

Defendant argues that these 28 counts of willful failure to pay over employment taxes should be dismissed because the Superseding Indictment does not identify him as the "person required to collect, account for, and pay over" the employment taxes at issue and therefore fails to state a violation of Section 7202. Doc. No. 81.

The Superseding Indictment sets forth in ¶ 9 the elements that establish who is deemed a

8

"responsible person" under § 7202. The Superseding Indictment then identifies Defendant as that person in at least ¶¶ 11, 15, 17, 21, 24, 34, 37, 40, 43, and 46. Defendant's argument that the Superseding Indictment does not adequately notify him that he is alleged to be the person responsible for collecting, accounting for, and paying over the employment taxes in accordance with Section 7202 is unconvincing and arguably disingenuous. Accordingly, Defendant's Motion to Dismiss Counts 2-29 of the Superseding Indictment is DENIED.

III. **Conclusion**

For the reasons set forth, Defendant's Motion to Dismiss Count One of the Superseding Indictment, doc. no. 77, is DENIED. Defendant's Motion to Dismiss Count Two of the Superseding Indictment, doc. no. 78, is DENIED. And Defendant's Motion to Dismiss Counts 2-29 of the Superseding Indictment, doc. no. 81, is DENIED.

SO ORDERED, this 29th day of June, 2016,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge