IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

          Plaintiff,                                Criminal No. 14-181
                                                ELECTRONICALLY FILED

    v.

STEVEN J. LYNCH,

          Defendant.

**MEMORANDUM ORDER RE: MOTIONS IN LIMINE**

On December 2, 2015, Defendant Steven J. Lynch was charged in a 29-count Superseding

Indictment with one count of corrupt obstruction of the administration of the Internal Revenue

Code in violation of 26 U.S.C. § 7212(a) and 28 counts of willful failure to pay over payroll

taxes in violation of 26 U.S.C. § 7202, for several entities that comprise the Iceoplex at

Southpointe - - including an ice rink and indoor field, a health club, and a sports bar.  Doc. No.

43.  The Government voluntarily dismissed Count 12 of the Superseding Indictment on July 25,

2016. Doc. No. 105.  The trial of the remaining 28-count Superseding Indictment will commence

on August 29, 2016.  Doc. No. 67.

Pending before the Court are two (2) Motions in Limine filed by Defendant, doc. nos. 108

and 109; and six (6) Motions in Limine filed by the Government, doc. nos. 111, 112, 113, 114,

115, and 116.  The Court has reviewed the Parties' Motions, supporting memoranda, and

responses, and makes the following rulings:

I. **Defendant's Motion in Limine to exclude any evidence and/or argument that Defendant was an "employer." Doc. No. 108**

Defendant moves to preclude the Government from offering evidence and/or argument that he was an "employer," arguing that the Superseding Indictment does not specifically charge Defendant as an "employer," but only charges him as a "responsible person" and the "'person required' at each employer-entity to collect, account for, and pay over 'on behalf of' each entity the employment taxes 'imposed on its employees.'" Doc. No. 110, p. 3, *citing* Superseding Indictment, Doc. No. 43 at ¶ 34.

The Government does not oppose this Motion (doc. no. 108) and, accordingly, it is GRANTED.

II. **Defendant's Motion in Limine to exclude non-employer assets. Doc. No. 109**

Defendant also seeks to preclude the Government from introducing evidence related to the assets and financial accounts of other entities that were controlled by Defendant and also evidence related to the personal assets and financial accounts of Defendant and his family because such evidence is irrelevant or would be highly prejudicial or misleading to the jury. Doc. No. 111, pp. 7-11.

In response, the Government alleges that the evidence of other entities' assets and financial accounts is relevant because those other entities held the assets of the employer businesses and will show that Defendant structured these entities to avoid paying the employers' payroll taxes. Doc. No. 121, pp. 1-4. The Government argues that Defendant's personal assets and financial accounts are relevant to show Defendant's willfulness or may become relevant if Defendant either a) sets forth an argument that he was unable to pay over the employers' payroll

taxes because of an inability to pay or b) introduces evidence of personal funds Defendant contributed to the employer businesses.  Doc. No. 121.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

As to the evidence of other entities' assets and financial accounts, the Court finds such evidence is relevant and clearly related to the charges in the Superseding Indictment alleging that Defendant "created numerous nominee entities to hold his ownership interest in the Iceoplex at Southpointe[.] " Doc. No. 43, ¶ 3.  The Court does not need to consider Defendant's arguments that the other entities were not the employers (and therefore did not owe the employment taxes at issue) because this evidence is relevant to the charge that Defendant corruptly endeavored to obstruct and impede the administration of the Internal Revenue Laws under 26 U.S.C. § 7212(a).

As to the evidence of Defendant's personal and family assets and financial accounts, if Defendant introduces evidence regarding his contribution of personal funds to the Iceoplex businesses as part of his "good faith/lack of willfulness" defense, *see* doc. no. 125, p. 3, then the Government must also be able to introduce its evidence regarding Defendant's finances.

Further, Defendant's reliance on the reasoning in *United States v. Farr*, 536 F.3d 1174 (10th Cir 2008), is misplaced.  In *Farr*, the Defendant was not charged with a violation of 26 U.S.C. § 7202.  *Id.*  Ms. Farr was charged with a violation of 26 U.S.C. § 7201 - - a general tax evasion provision - - and the indictment made specific reference to "quarterly employment tax for ATHA-Genesis Chapter due and owing by her[.]"  536 F.3d at 1178.  The Government

conceded at trial that the employment taxes were never owed by Ms. Farr because she was not

the employer. *Id.* Only a civil penalty assessed to her under 26 U.S.C. § 6672 was owed and

unpaid. *Id.* The issue in *Farr* was an improper jury instruction which required the jury "to treat

the trust fund recovery penalty discussed at trial and the quarterly employment tax referenced in

the indictment as interchangeable terms[.]" 536 F.3d 1179.

That issue is not presented by the Superseding Indictment here. Defendant is charged

under 26 U.S.C. § 7202 as the "person required" to pay over the quarterly employment taxes.

Doc. No. 43. Unlike in *Farr*, the Government in the instant action has not conceded that

Defendant was not the "person required" to pay over the quarterly employment taxes.

Accordingly, the evidence related to the Defendant's and non-employer entities' finances

and assets is relevant and Defendant's Motion (doc. no. 109) is DENIED.

### III.    Government's Motion in Limine to preclude Defendant from arguing or presenting evidence as to possible administrative or civil remedies instead of criminal prosecution. Doc. No. 111

The Government moves to preclude Defendant from presenting evidence of possible

administrative or civil remedies the IRS could have pursued instead of a criminal prosecution, or

argument that the Government should have pursued further administrative or civil remedies

instead of criminal prosecution, because of the risk of confusing the jury. Doc. No. 111.

Defendant responds that the Superseding Indictment references the "array of civil remedies

available to the IRS to collect employment taxes, including levies, liens and civil penalties" and

argues that Defendant must be allowed to present evidence regarding his attempts to resolve

liens, levies, and penalties through the administrative and civil processes as evidence of his

"good faith/lack of willfulness defense."  Doc. No. 122.

The Court agrees that the Superseding Indictment in this case necessarily makes evidence of the administrative and/or civil remedies available to the IRS relevant to this case.  The Superseding Indictment charges Defendant with obstructing the IRS's efforts to recover unpaid employment taxes, and Defendant must be permitted to present his evidence regarding his negotiations and communications with the IRS in his defense of these charges.

However, there is no requirement under the law that the Government ever pursue any civil or administrative remedies prior to initiating a criminal prosecution.  *United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012).  Although Defendant must be permitted to present evidence and argument regarding the civil and administrative remedies that were actually pursued in this case, he will be precluded from making any argument that the Government should have or was required to continue to pursue civil and/or administrative remedies.  Accordingly, the Government's Motion (doc. no. 111) will be GRANTED IN PART and DENIED IN PART consistent with this Memorandum Order.

## IV.     Government's Motion in Limine to preclude the admission of evidence regarding "Government Mistakes."  Doc. No. 112

The Government moves to preclude Defendant from offering evidence characterized by Defendant as the "government's mistakes" such as records showing that liens were withdrawn and payments to the IRS were posted incorrectly.  Doc. No. 112.  The Government alleges that such evidence is irrelevant.  Defendant counters that this evidence demonstrates that the IRS made certain mistakes while undertaking efforts to collect the unpaid employment taxes from Defendant and that such evidence is relevant to his defenses of good faith and lack of willfulness.

Doc. No. 123.

In *Cheek v. United States*, the United States Supreme Court established that a Defendant is entitled to present a good faith defense to the jury in order to defend against a charge of willful violation of the tax laws. 498 U.S. 192, 201-203 (1991). The Court finds that evidence of the Government's alleged errors related to its attempts to collect the unpaid employment taxes at issue from Defendant are relevant to Defendant's good faith defense and therefore the Government's Motion (doc. no. 112) is DENIED.

**V.    Government's Motion in Limine to preclude the admission of statutes/case law and for a limiting instruction. Doc. No. 113**

The Government moves to preclude Defendant from offering statutes and case law into evidence as documents presented to the jury and seeks a limiting instruction from the Court if Defendant quotes from statutes and/or case law during the course of the trial. Doc. No. 113. The Government cites several persuasive cases which employed this method regarding the admission of legal materials during the course of trial. *See* Doc. No. 113 pp. 2-3.

Although Defendant claims this issue is moot in part because he does not intend to offer "the *East Wind Industries* case" to the jury, doc. no. 124, Defendant's trial exhibits were submitted two days after the filing of his response to this Motion and included the *East Wind Industries* case as D-22, and at least one other "legal material," a statute, as exhibit D-23. Doc. No. 119.

The Court finds that the method employed by the other courts cited by the Government when dealing with the admission of legal materials as evidence is proper and will employ that method here. Defendant's witnesses may testify about the legal materials and may quote from

them.  Copies of the legal materials (i.e. cases and statutes) will **not** be given to the jury.  The

Parties shall confer regarding a proper limiting instruction and file a joint proposed instruction by

Wednesday, August 10, 2016.  Accordingly, the Government's Motion (doc. no. 113) is

GRANTED consistent with this Memorandum Order.

**VI.**     **Government's Motion in Limine to preclude evidence and argument that Defendant did not have adequate funds to satisfy the tax liability.  Doc. No. 114**

The Government seeks to preclude Defendant from offering evidence and argument that

he did not have adequate funds to pay the employment taxes at issue.  Doc. No. 114.  The

Government argues that such evidence and argument is irrelevant.  *Id.*  Defendant argues that he

did not owe the taxes because he was not the "employer," and stated that he intends to offer

argument and evidence that the employer-entities lacked the funds to pay the employment taxes

and that Defendant contributed more than $2.6 Million of his personal funds to the employer-

entities and related entities "to keep them going."  Doc. No. 125.

The Court has above ruled on the Defendant's Motion in Limine, Doc. No. 109, dealing

with the parallel issue regarding evidence related to the non-employer entities and Defendant's

personal finances.  *See* Section II, *supra*.  The Government will not be precluded from offering

evidence and argument related to the finances of the employer entities, related non-employer

entities, and Defendant.  As such, Defendant must be permitted to offer his own evidence and

argument regarding the finances of those entities and his own finances.  Accordingly, the

Government's Motion (doc. no. 114) is DENIED.

**VII.** **Government's Motion in Limine to preclude the admission of evidence regarding lawsuits and settlement agreements with the Department of Justice and Internal Revenue Service. Doc. No. 115**

The Government moves to preclude Defendant from offering evidence regarding various lawsuits and settlement agreements between the IRS, Department of Justice, and several of Defendant's companies. Doc. No. 115. The Government argues that this evidence is irrelevant to the charges in this case. *Id.*

Defendant argues that the evidence of the "multiple installment and settlement agreements he entered into with the government to pay employment taxes and penalties" is relevant to his "good faith/lack of willfulness defense" to the charges in the Superseding Indictment. Doc. No. 126.

The Court notes that the Superseding Indictment covers a period of time beginning on or about April 1, 2004 and ending on or about April 30, 2015. Doc. No. 43. To the extent that the lawsuits and/or settlement agreements relate to tax obligations from before April 1, 2004, the Court finds that such evidence is irrelevant to the charges in the Superseding Indictment. For tax obligations after that time, the Court finds that the evidence is relevant to Defendant's good faith/lack of willfulness defense and that he must be allowed to present this evidence to the jury.

Accordingly, the Government's Motion (doc. no. 115) is GRANTED IN PART and DENIED IN PART consistent with this Memorandum Order. The Parties are cautioned that the Court will not permit the admission of evidence related to the prior lawsuits and/or settlement agreements to develop into a re-litigation of those issues that likely would confuse the jury. The focus must remain on the charges in the Superseding Indictment.

**VIII.    Government's Motion in Limine to exclude expert testimony.  Doc. No. 116**

The Government seeks to preclude certain testimony Defendant intends to offer through an expert witness, accountant David Kaplan.  Doc. No. 116.  The Government contends that portions of Mr. Kaplan's expert report will not assist the jury because the testimony is not sufficiently related to the facts of the case and will not help resolve any factual disputes.  *Id.*  Specifically, the Government seeks to preclude Mr. Kaplan from testifying about any topic other than whether or not Defendant properly filed Forms 941 for the employer entities.  *Id.*

Defendant argues that the Government is advancing a premature relevancy objection to portions of Mr. Kaplan's report.  Doc. No. 127.  Defendant further argues that the Government does not contest the first two elements of Fed. R. Evid. 702 - - that Mr. Kaplan is qualified or that his report is the product of reliable principles and methods.  *Id.*  Defendant contends that "[a]s long as an expert's scientific testimony rests upon good grounds, based on what is known, it should be tested by the adversary process[.]"  Doc. No. 127, p. 4, *quoting Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, 2013 WL 6328772 (W.D. Pa. Dec. 5, 2013)(Fischer, J.,).

The Court has reviewed Mr. Kaplan's expert report.  Doc. No. 127-1.  The Government has not contested Mr. Kaplan's qualifications or methods.  However, Mr. Kaplan's report includes data from time periods that this Court has above ruled to be irrelevant to the charges in the Superseding Indictment.  *See* Section VII, *supra*.  Accordingly, the Court will limit the scope of Mr. Kaplan's testimony to analysis of data from the time period that is relevant to the Superseding Indictment - - from April 1, 2004 through April 30, 2015.

Accordingly, the Government's Motion (doc. no. 116) is GRANTED IN PART and DENIED IN PART consistent with this Memorandum Order.

## IX. The Government's Objections to Defendant's Statement of Defense (Doc. No. 132).

The Court now turns to the Parties' Joint Stipulation: Summary of Indictment and Defense. Doc. No. 132. The Government raised two objections to the Defendant's Statement of Defense. The first objection is arguably related to the Motion in Limine at Doc. No. 115 related to the admission of evidence regarding lawsuits and settlement agreements. Doc. No. 132 at FN 1. The Government objects that the IRS did not "often agree to late payment of taxes." *Id.* The second objection is related to the Motions in Limine at Doc. Nos. 109 and 114 regarding the admission of evidence related to Defendant's finances. Doc. No. 132 at FN 2.

The Court will sustain the first objection as it is misleading. The clause "often over time as agreed to by the IRS" will be removed from the Statement of Defense. The Court overrules the second objection consistent with the rulings on the Motions in Limine at Doc. Nos. 109 and 114. *See* Sections II and VI, *supra*. However, the Court will modify the sentence to avoid confusing the jury so that it reads "Defendant contends that despite no legal obligation to do so Defendant made good faith efforts to assist the companies by contributing significant personal funds and taking no compensation."

## X. CONCLUSION

The Parties are ORDERED to confer and file a revised Joint Exhibit List removing any exhibits that are to be excluded and/or objections to any exhibits that are now moot consistent with this Memorandum Order by Wednesday, August 10, 2016.  The exhibits should **not** be re-numbered.

SO ORDERED this 8th, day of August, 2016,


s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge