IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

STEVEN J. LYNCH,

       Defendant.

Criminal No. 14-181
ELECTRONICALLY FILED

**MEMORANDUM OPINION RE:**
**DEFENDANT'S OBJECTIONS TO TRIAL TIME LIMITS**

**I.    Introduction and Background**

Defendant Steven J. Lynch is charged with one count of corruptly endeavoring to obstruct the administration of the Internal Revenue laws and 27 counts of willful failure to pay over employment taxes. Doc. Nos. 43 and 105. At this Court's first status conference in this case, the Court urged the Parties to work together to streamline the issues and evidence to be presented to the jury and eliminate needless and duplicative testimony. *See* Doc. No. 69; *see also* Doc. No. 67, the Court's Pretrial Order setting forth a schedule for the early and efficient resolution of disputes over evidence and legal issues for trial.

Trial of this matter began on August 29, 2016. On August 19, 2016, at the Preliminary Pretrial Conference, the Court set reasonable time limits of 15 hours per side for direct and cross examination of witnesses after considering the Parties' estimates of time needed for trial, the witness lists and proffers of testimony submitted by the Parties, the time needed for comparable

criminal cases and complex civil cases such as class actions, and due process concerns. Doc. No. 168. The Court expressly stated that it would reconsider the time limits during trial as warranted. *Id.* No objections were made by either Party as to the trial time limits set by the Court at the Preliminary Pretrial Conference, nor at the Final Pretrial Conference several days later. Doc. Nos. 168 and 188. Despite repeated urging by the Court, the Parties failed to stipulate to a single fact and continued to waste time on issues such as authenticity of documents instead of working together to streamline the evidence and issues to be presented to the jury.

On Thursday, August 25, 2016, six days after the Preliminary Pretrial Conference and the day after the Pretrial Conference, Defendant filed a Motion for Reconsideration of the Court's Order Limiting the Parties' Time for Presentation of the Case, asking that the Court enlarge the amount of time for both Parties to 20 hours. Doc. No. 191. By Text Order the following morning, the Court denied Defendant's Motion because, *inter alia*, such a request on the eve of trial - - scheduled to begin on the next work day - - would unfairly prejudice Government Counsel, who had been preparing its case based upon the 15-hour limit and who was scheduled to present the first witness immediately following jury selection. Doc. No. 192.

> TEXT ORDER DENYING Defendant's Motion for Reconsideration of the Court's Order Limiting the Parties' Time for Presentation of the Case (Doc. No. 191). Defense Counsel, literally on the eve of trial, now objects to the 15-hour per side trial time allocation, despite making no objection when the Court set the time limits at the preliminary pretrial conference seven (7) days ago (doc. no. 168), nor at the final pretrial conference two (2) days ago (doc. no. 188). The Court provided a detailed explanation for the 15-hour time limit at the preliminary pretrial conference (which is incorporated by reference), and counsel for neither side objected to any of the reasoning stated by the Court for the 15-hour time limit. Further, this last minute tactic by Defense Counsel would prejudice

> the Government in that Government Counsel has been structuring
> its case based upon the 15-hour limit, and to make the requested 33
> and 1/3rd percent increase in trial time on the work day
> immediately prior to jury selection - - after which the first
> Government witness will take the stand - - would unfairly
> prejudice the Government. As stated at the preliminary pretrial
> conference, the Court will reconsider the time limits during trial as
> warranted. A more detailed Memorandum Opinion will be filed
> next week.
> *Id.*

This morning before the start of the second day of trial, August 30, 2016, Defendant again raised a "continuing objection" to the Court's limitations on trial time for both Parties. Defense Counsel was initially unable to provide the Court with the precise amount of time he was now requesting, but ultimately stated that he was requesting 20 hours. Again, Defense Counsel admitted he has still not entered into any stipulations of fact with Government Counsel - - not one. The Court verbally denied the request.

The Court writes now to provide further explanation for its denial of the Defendant's Motion for Reconsideration, doc. no. 191, and Defendant's request for 20 hours of trial time made prior to the start of trial this morning.

**II.     Legal Standard**

The United States Court of Appeals for the Third Circuit has "recognized that a district court may impose limits on the parties' presentation time at trial." *In re Baldwin*, 700 F.3d 122, 129 (3d Cir. 2012) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995)). "A district court should impose time limits . . . after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *Duquesne Light*, 66 F.3d at 611.

3

The rules governing procedure in federal court do not explicitly authorize time limitations for a trial. However, the inherent power of a district court to manage cases before it in a just and efficient manner is codified in these rules. Federal Rule of Criminal Procedure 2 provides that the rules "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." The federal rules "repeatedly embody the principle that trials should be both fair and efficient." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995). The United States Supreme Court has observed, "[I]f truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings." *Geders v. United States*, 425 U.S. 80, 87 (1976).

Further, the Federal Rules of Evidence repeatedly provide for the efficient presentation of evidence. For example Rule 611(a) provides:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

Similarly, Fed. R. Evid. 403 permits the exclusion of evidence when its probative value is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Finally, the Court must take practical considerations into account, such as the imposition of lengthy trials on citizen-jurors that inevitably leads to a breakdown in concentration and recollection of testimony and events. *United States v. Warner*, 506 F.3d 517, 524 (7th Cir. 2007).

### III. Discussion

Since January of 2003, this Court has tried numerous cases "on the clock." The time limits imposed by the Court, coupled with mandating that Parties use the courtroom technology which allows the Parties to more efficiently present documentary evidence to the Jury, and the Court's diligence in working with the Parties to resolve as many evidentiary and legal issues prior to trial as possible, have resulted in cleaner, crisper, and better advocated cases. Although numerous counts are charged in the Superseding Indictment, there are only two crimes charged in this case. Doc. No. 43. There is nothing unique or complex about the case that would warrant the Court abandoning its proven practice of setting time limits for the presentation of evidence.

The Court carefully reviewed the exhibits and witness proffers prior to setting time limits in this case. Although the Parties failed to stipulate to a single fact, a review of the evidence shows that many facts in this case are not in dispute. The Government included 12 witnesses on its "will call" list and 5 on its "may call" list. Defendant included 6 witnesses on his "will call" list and 12 on his "may call" list. Eight (8) of the witnesses were on both the Government's and Defendant's lists.

At the Preliminary Pretrial Conference, the Court asked each side for an estimate of the time it would need to present its case. Each side indicated that 20 hours would be sufficient. After considering the number of witnesses and testimony proffers, the exhibits, the rulings made in the case, the time needed for other criminal trials and complex civil trials in this District, and the Parties' trial time estimates, the Court imposed a limit of 15 hours per side. The Court informed the Parties that it would evaluate the need for additional time as trial progressed.

The Court finds that imposing time limits "increases the efficiency of the trial from everybody's perspective." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995). As the United States Court of Appeals for the Third Circuit has recognized (quoting District Judge Bertelsman):

> It requires counsel to exercise a discipline of economy choosing between what is important and what is less so. It reduces the incidence of the judge interfering in strategic decisions. It gives a cleaner, crisper, better-tried case. It gives a much lower cost to the clients.

*Id.* (quoting *United States v. Reeves*, 636 F. Supp. 1575, 1580 (E.D. Ky. 1986)).

Instead of working with Government Counsel to reach stipulations of fact or otherwise limit the need for presentation of duplicative testimony and evidence, Defense Counsel insists that 20 hours of trial time is needed to present Defendant's case. Defense Counsel renewed the request for 20 hours after using only 31 minutes of trial time.

Further, now after one and one-half days of trial testimony, a substantial amount of the trial testimony was not in dispute, and could have easily been made part of stipulations of fact. The failure of litigants to ensure that jurors are not subjected to duplicative and needless testimony diminishes the quality of trials and is unfair to the civilian-jurors who receive minimal compensation for their valuable service. *See United States v. Warner*, 506 F.3d 517, 524 (7th Cir. 2007)(citing Gordon Van Kessel, *Adversary Excesses in the American Criminal Trial*, 67 Notre Dame L.Rev. 403, 478-79 (1992)) ("Exceedingly lengthy trials lead to reduced concentration and recollection of events on the part of all participants, particularly witnesses and jurors. In very long cases, exhaustion may diminish everyone's performance.").

**IV.     Conclusion**

At this time, the Court finds no need to revisit its initial evaluation of the time necessary for the presentation of evidence in this trial. As stated at least twice before, the Court will reconsider the Parties' need for additional time as trial progresses.

SO ORDERED this 30th day of August, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge