IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                 Criminal No. 14-181
                                                        ELECTRONICALLY FILED

   v.

STEVEN J. LYNCH,

       Defendant.

**MEMORANDUM ORDER RE:
DEFENDANT'S MOTION TO PRECLUDE LAY OPINION TESTIMONY AND
EXHIBITS OF IRS REVENUE AGENT LISA GAPSKY (DOC. NO. 196)**

Trial of this matter began on Monday, August 29, 2016. On the morning of the third day of trial, August 31, 2016, Defendant filed the instant motion to preclude testimony from Government witness IRS Agent Lisa Gapsky, who is scheduled to testify either today or tomorrow morning. Doc. No. 196.

At the first status conference this Court held in this matter on May 27, 2016, the Court encouraged the Parties to streamline the case by, among other things, utilizing summary exhibits to present voluminous information to the Jury pursuant to Federal Rule of Evidence 1006, which provides that a party may use a summary, chart, or calculation to prove the content of voluminous writings or recordings that cannot be conveniently examined in Court.

The Government submitted Exhibits G-93 through G-100 as summary exhibits prior to trial pursuant to the Court's pretrial order, doc. no. 67, and Defendant has objected to these exhibits now three times. *See* Doc. Nos. 119 and 179. Twice before, the Court has overruled the objections as the Court finds these exhibits are admissible to show the content of the voluminous

bank statements and tax records and therefore the exhibits summarize relevant and admissible evidence. Fed. R. Evid. 1006. *See* Doc. Nos. 164 and 183.

The Court has reviewed the Government's proffer for this witness and the associated summary exhibits. The Government witness will be permitted to testify about how the charts and summaries were made and what information is shown therein, assuming the proper foundation is established. *United States v. Sorrentino*, 726 F.2d 876 (1st Cir. 1984) (The summaries must be based exclusively on primary evidence available to Defendant to test the accuracy of the summary, the agent must be available for cross examination, and the purpose of the chart should be made clear to the Jury).

The Court does not find this type of testimony to be improper lay witness opinion, nor is the testimony improper expert testimony. *See* Fed. R. Evid. 701, 702, and 703. The preparation of the summary exhibits required only the transfer of data from the records and statements to the summary charts. *See United States v. Milkiewicz*, 470 F.3d 390, 401 (1st Cir. 2006) ("The invoices, checks, and other documents were routine financial records, and creating summaries of the data took patience [by the IRS Agent witness] but not expertise."). To the extent Defendant believes there are inaccuracies in the summary exhibits, such inaccuracies go to the weight of the evidence (and not the admissibility), and may be addressed through cross examination by Defense Counsel.

SO ORDERED this 31st day of August, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge