IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                  Criminal No. 14-181
                                                        ELECTRONICALLY FILED

      v.

STEVEN J. LYNCH,

       Defendant.

## TENTATIVE FINDINGS AND RULINGS

Pursuant to Federal Rule of Criminal Procedure 32(i) and Local Criminal Rule of Court 32.1(H), the Court makes the following tentative findings and rulings with respect to the outstanding objections and issues identified by the Parties in their pre-sentencing filings that will be taken into account in sentencing the Defendant.

**I. Defendant's Objections to the Presentence Investigation Report**

    **A.**      **Offense Conduct**

Defendant is a highly skilled tax attorney and sophisticated businessman who utilized his knowledge and training to structure several entities that make up the Iceoplex at Southpointe in such a way as to make it difficult or impossible for the Internal Revenue Service ("IRS") to collect taxes due after Defendant failed to pay over taxes withheld from employee wages to the IRS. *See* Memorandum Order Denying Defendant's Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial, Doc. No. 260. The majority of Defendant's objections to the offense conduct as recited in the PSIR are repeated arguments regarding the "separate legal

status" of Defendant, the employer-entities of the Iceoplex, the non-employer entitites of the Iceoplex; and whether or not Defendant was the "person responsible" to "collect, account for, and pay over" the employment taxes at issue. Doc. No. 247. The Court refers to and incorporates its multiple previous rulings on these issues, most recently in the Memorandum Order denying Defendant's post-conviction Motion for Acquittal or, in the alternative, Motion for New Trial, doc. no. 260.

As shown at trial, for a period of more than ten years, Defendant consistently failed to pay over the withheld employment taxes to the IRS. Doc. No. 260. The Jury convicted Defendant of willful failure to pay the employment taxes at Counts 13-19 and 21-29 in violation of 26 U.S.C. § 7202, for a two-year, nine-month time period between the quarter ending June 31, 2012, and the quarter ending March 30, 2015. Doc. No. 212.

The Government produced an overwhelming amount of evidence to show that Lynch was the person responsible to collect, account for, and pay over employment taxes for the employer-companies of the Iceoplex. Doc. No. 260. Moreover, the evidence submitted by both Parties at trial proves by a preponderance of evidence that Defendant substantially controlled all of the Iceoplex entities and was the primary decision-maker who exercised authority to create, structure, and control the entities so that the IRS would not be able to collect the past-due employment taxes. *Id.*

The Court finds the general Offense Conduct stated in paragraphs 5-15 of the PSIR was established by a preponderance of the evidence shown at trial and overrules Defendant's objections to those paragraphs.

**B.     Tax Loss**

Despite never disputing at trial that the amount of unpaid employment taxes plus interest, penalties, and fees totaled $2,743,127.00 for all quarters between March of 2008 and March of 2015, *see* Doc. No. 201, pp. 44-49 (Defendant's Expert Report), Defendant now objects that "there is no evidence of actual or intended pecuniary loss and, to the contrary, the evidence is that there is no actual loss and no loss was ever intended." Doc. No. 247. Seemingly in the alternative, Defendant also argues that the tax loss associated with acquitted counts and uncharged, post-indictment conduct cannot be included when determining the total tax loss. *Id.*

Although the United States Sentencing Guidelines are advisory, the Court must consult the guidelines when determining the appropriate sentence for a criminal conviction. *United States v. Booker*, 543 U.S. 220 (2005). United States Sentencing Guideline § 2T1.6, for a violation of 26 U.S.C. § 7202, instructs the Court to utilize Guideline § 2T4.1 (Tax Table) to find the Base Offense Level corresponding with the amount of tax loss at issue. Guideline § 2T1.6 also advises that a violation of 26 U.S.C. § 7202, where there is no effort made to defraud the employees, is to be treated as a form of tax evasion. In willful tax evasion cases, the tax loss amount should include interest and penalties.[1] U.S.S.G. § 2T1.1, commentary.

The Court should also consider "relevant conduct" including "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of

---

[1] The PSIR calculation does not include interest and penalties in the tax loss calculation.

conviction." U.S.S.G. § 1B1.3(a)(2).  Relevant conduct includes acquitted counts, dismissed counts, and uncharged conduct.  *See United States v. Watts*, 519 U.S. 148 (1997); *United States v. Ciavarella*, 716 F.3d 705, 735-36 (3d Cir. 2013).

The Court need only make a reasonable estimate of the loss given the available information using a preponderance of the evidence standard.  *United States v. Fumo*, 655 F.3d 288, 310 (3d Cir. 2011).

The Government argues that the total tax loss is $2,885,898, as stated in the PSIR, including $793,145 for the 16 counts of conviction, $731,314 for the acquitted counts, $825,078 for the matching employer taxes during the indictment period, and $558,382 in additional uncharged tax loss from the post-indictment period.

Given that the Court must only make a reasonable estimate of the tax loss based upon a preponderance of the evidence and that the Court could also consider the unpaid penalties and interest under the guidelines, the Court finds that the calculation of the tax loss in the PSIR is a reasonable estimate of the total tax loss and that a corresponding base offense level of 22 for tax loss greater than $1,500,000 but less than $3,500,000 is appropriate.  *See* U.S.S.G. § 2T4.1 (Tax Table).

      **C.**      **Adjustment for Acceptance of Responsibility**

Defendant re-asserts that he was never the "person responsible" to collect, account for, and pay over the withheld employment taxes, and that he is therefore entitled to an adjustment for acceptance of responsibility under United States Sentencing Guideline § 3E1.1.  Although Application Note 2 under Guideline § 3E1.1 provides that a defendant who puts the government

to the burden of proof at trial is not automatically precluded from arguing for an adjustment for acceptance of responsibility, the Court does not find that Defendant's conduct entitles him to this 2 level downward adjustment.

### D. Defendant's Financial Condition

Defendant next objects to the PSIR calculation of his personal financial condition as found in paragraphs 55 through 69, arguing that he has a negative net worth of $302,769.54 despite his substantial business and property holdings. Doc. No. 247. The Court finds that the evidence produced at trial indicating the value of the Iceoplex property and Defendant's personal financial condition supports the estimate of the Defendant's financial condition as calculated in the PSIR by a preponderance of the evidence and finds that Defendant has the ability to pay restitution.

The Court finds that the PSIR calculation for restitution in the amount of $793,145 is appropriate and also finds the PSIR guideline range for a fine of $7,500 to $75,000 is appropriate.

## II. Defendant's Motions for Departure and Variance

Defendant also moves for downward departure and/or variance (1) due to exceptional family responsibilities, namely the disability of his wife; (2) due to Defendant's conduct lying outside of the typical "heartland" case of willful failure to pay over employment taxes; or (3) based upon the Defendant's personal characteristics. The Court will, of course, consider Defendant's personal characteristics and the nature and seriousness of the offense at the sentencing hearing when determining an appropriate sentence.

5

The Court makes the tentative ruling that the Total Offense Level of 22 with a Criminal History Category of I and resulting 41-51 month guideline range as determined by the PSIR is appropriate. The sentencing hearing will proceed in accordance with the foregoing findings and rulings, and the Court will consider Defendant's arguments about any section 3553(a) factors, any requests for departure or variance, and argument as to an appropriate sentence.

SO ORDERED this 9th day of January, 2017,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge