IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

STEVEN J. LYNCH,

       Defendant.

Criminal No. 14-181
ELECTRONICALLY FILED

## MEMORANDUM ORDER DENYING RELEASE PENDING APPEAL

Defendant, Steven J. Lynch ("Lynch"), a highly skilled tax attorney and sophisticated businessman who co-owned and operated a collection of businesses that make up the Iceoplex at Southpointe,[1] was found guilty, by a Jury after 19 hours of careful deliberations, of 16 counts of willful failure to pay over withheld employment taxes in violation of 26 U.S.C. § 7202, of a 29-count Superseding Indictment,[2] on September 9, 2016. On January 12, 2017, the Court sentenced Lynch to a term of imprisonment, within the guideline range, of 48 months to be followed by a term of 3 years of supervised release, a fine in the amount of $75,000, and restitution to the Internal Revenue Service in the amount of $793,145 - - which is the amount of wages withheld from employees' pay for employment taxes that remain unpaid for the quarters for which Lynch was found guilty by the Jury.

---

[1] The Iceoplex property includes the ice rink, which was used as a practice facility for the National Hockey League's Pittsburgh Penguins for several years, an indoor field, a restaurant, and a fitness center.

[2] The Superseding Indictment charged Lynch with Corrupt Endeavor to Obstruct and Impede the Due Administration of the Internal Revenue Laws in violation of 26 U.S.C. § 7212(a) at Count 1, and the remaining 28 counts were for Willful Failure to Pay Over Tax in violation of 26 U.S.C. § 7202, for separate quarters between April of 2008 and March of 2015, regarding unpaid employment taxes from at least four businesses. Doc. No. 43. Prior to trial, the Government voluntarily dismissed Count 12 of the Superseding Indictment. Doc. No. 105. Lynch was acquitted of

Lynch has appealed the Judgment in this case to the United States Court of Appeals for the Third Circuit. Doc. No. 270. He also moves this Court for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1). Doc. No. 269.

The majority of Lynch's arguments were previously raised during pre-trial rulings and within his post-conviction Motion for Acquittal or, in the alternative, Motion for a New Trial, doc. no. 235, which was denied by the Court's Memorandum Order at doc. no. 260 prior to sentencing. His other arguments related to the applicable sentencing factors were thoroughly discussed in the Court's tentative findings and rulings, doc. no. 263, which were adopted as final with modifications at the sentencing hearing, and in the Court's colloquy during the sentencing hearing. The most effective way to understand these numerous prior legal rulings is to read the Court's decisions at doc. nos. 260 and 263, which, for the sake of brevity, are incorporated herein.

For the reasons set forth in those rulings, doc. nos. 260 and 263, and for the reasons that follow, the Court will deny Lynch's Motion for Release Pending Appeal.

I.         **LEGAL STANDARDS**

Title 18 United States Code Section 3143 provides:

> (b) Release or detention pending appeal by the defendant.—
>
>> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

---

Counts 1-11 and 20 and found guilty of Counts 13-19 and 21-29.

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143.

The primary inquiry at issue here is whether Lynch's appeal raises a "substantial question of law or fact" likely to result in reversal, a new trial, a non-custodial sentence, or a reduced sentence.[3] A "substantial question" has been described as one which is either novel, has not been decided by controlling precedent, or which is "fairly debatable." *United States v. Messerlian*, 793 F.2d 94, 96 (3d Cir. 1986).

---

[3] As to the issue of whether Lynch has filed this Motion for the purpose of delay, the Court notes that, prior to this case being transferred to the undersigned District Judge, Lynch received seven (7) substantial extensions of time - - resulting in the case pending for more than two (2) years prior to trial - - always citing the need to review evidence that had almost entirely been produced to the Government, via Grand Jury subpoena, by Lynch himself. In fact, the case lingered without movement for so long, while Lynch continued to withhold wages from employees' pay for employment taxes, but to not pay that money over to the IRS, that the Government filed a Superseding Indictment in the case to cover that interim time period. *See* Doc. No. 68 (Text Order by the undersigned District Judge denying a further delay in the case); and Doc. No. 230 (Transcript of status conference discussing the substantial delays in the case and the Superseding Indictment due to Lynch's continued failure to pay over the taxes).

## II. DISCUSSION

### A. Issues related to Pre-trial and Trial Rulings

Lynch raises several issues related to pre-trial rulings or the evidence presented at trial that he contends raise "substantial" or "fairly debatable" issues.

First, Lynch argues that "overwhelming" evidence of his good faith was presented at trial and was not refuted by the Government. Doc. No. 269, p. 4. However, as previously thoroughly discussed by the Court, the Government presented plentiful evidence of Defendant's continual willfulness which established his guilt to the Jury, and the Jury rejected Defendant's proffered good faith evidence as insufficient. *See* Doc. No. 260 at pp. 4-7, summarizing the evidence by which a rational factfinder could conclude that Lynch acted willfully during the time period of the Counts for which he was convicted.

The Jury, in its careful and lengthy deliberations, obviously viewed Lynch's conduct as continuous over the quarters between April of 2008 and March of 2015 (often referred to throughout the pleadings as the "Indictment Period"), and determined that his conduct went from non-criminal (or was at least entitled to reasonable doubt of criminality), to criminal willfulness in the quarters after the FBI interviewed Lynch, and he continued to not pay over employee wages withheld for employment taxes. *See, id.*

Further, the standard of review of this evidence on appeal will require that it is viewed in the light most favorable to the prosecution. *United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013) ("We review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt.")

4

(internal quotations and citations omitted).

Second, several of the issues raised by Lynch relate to his oft-repeated arguments regarding his status as the "person responsible" to collect, withhold, and pay over employment taxes for the employer-entities and related arguments about the "legal status and separateness" of the employer-companies, related companies, and Lynch. Doc. No. 269, p. 4. Again, these arguments were thoroughly rejected by this Court both prior to trial and when ruling on Lynch's post-conviction Motion for Acquittal or for a New Trial. *See* Doc. No. 260, pp. 8-10.

Lynch's argument that he could not be the "person responsible" under the statute has been rejected by the United States Court of Appeals for the Third Circuit as "frivolous," and moreover, accepting Lynch's legal theories would render Section 7202 of the tax code meaningless, as it would be possible for any business owner to avoid criminal liability, for failure to pay over employment taxes, merely by setting up shell companies and shifting employees and assets, in the manner in which Lynch did here. *Id.*, *citing United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986) ("These contentions [that defendant was not a person within the meaning of Title 26] are frivolous and require no discussion.").

Lynch's argument that he was not the "person responsible" to pay over the withheld employment taxes is incredible given the substantial evidence produced at trial. Every witness who testified about Lynch's control of the Iceoplex entities consistently stated that it was Lynch who controlled all of the Iceoplex entities' bank accounts, financial decisions, tax filings, and the corporate structure of the entities. Doc. No. 260, p. 10.

Third, Lynch argues that he was denied his Fifth and Sixth Amendment rights by the

5

Court overruling his objections to certain Government exhibits and witnesses, "forcing" him to enter into pre-trial stipulations, excluding certain evidence he wished to introduce, and by imposing time limitations for the presentation of evidence by both sides at trial. Doc. No. 269, p. 4. Regarding the ruling on exhibits and witnesses, which were almost all decided in pre-trial rulings, the Court relies on those rulings. *See* Doc. No. 260, pp. 12-18 (*citing* pre-trial rulings).

As to whether the Court "forced" Lynch to take any position, or stipulate to any fact, document, or witness, this argument lacks any merit. The Court encouraged the Parties to work together to streamline the issues and evidence to be presented at trial, but it did not, and could not, "force" Lynch to enter into any stipulations. Doc. No. 260, pp. 16-18.

In similar fashion, the Court exercised its authority to ensure that the trial proceed in a just and efficient manner by setting reasonable time limits for the presentation of evidence prior to trial - - always stating that the time limits could be, and would be, reconsidered as needed. *See* Doc. No. 260, pp. 16-18; and Doc. No. 195. Lynch used just six and one-half hours of the 20 hours per side that was ultimately permitted and has failed to explain how the initial time limit of 15 hours caused him to be unable to set forth his defense to the Jury. Doc. No. 260, pp. 16-18.

Finally, Lynch complains that the Court lacked impartiality, favored the Government, and "displayed disdain" for Lynch and his Counsel, but fails to set forth any evidence that the undersigned District Judge had a personal bias or an appearance of bias against him or a class to which he belongs. *United States ex rel. Perry v. Cuyler*, 584 F.2d 644 (3d Cir. 1978); *see also*, Doc. No. 260, pp. 18-19.

### B. Issues related to Sentencing

Lynch's remaining arguments relate to sentencing, including: (1) the calculation of the tax loss at issue pursuant to the United States Sentencing Guidelines and the resulting Base Offense Level; (2) Lynch's entitlement to a 2-level reduction for acceptance of responsibility (even though he went to trial); (3) Lynch's personal financial condition; and (4) whether the Court improperly rejected evidence set forth by Lynch at the sentencing hearing. Doc. No. 269, p. 6.

The sentence imposed by the Court was within the applicable advisory guidelines range of 41-51 months, as found by the Court, following review and analysis of the Presentence Investigation Report, the Parties' positions with respect to the sentencing factors, the Parties' sentencing memoranda, the Parties' status reports prior to the sentencing hearing, and testimony, evidence, and argument presented by the Parties at the sentencing hearing, which spanned several hours over two consecutive days. Doc. Nos. 265 and 266 (Minute Entries). As previously stated, the Court filed Tentative Findings and Rulings prior to the sentencing hearing, doc. no. 263, and later adopted those findings and rulings as final, with a modification to the calculation of the tax loss, at the hearing. *See* 1/11/17 and 1/12/17 Sentencing Hearing Transcripts.

**(1) Calculation of the Tax Loss**

**a. Lynch's Argument that there is No Tax Loss**

Lynch has argued throughout the case that his conduct in failing to pay over the employment taxes withheld from employees' wages could not be considered "willful," because

he always told the IRS that he intended to pay the taxes someday, a day that has never come.[4]

Lynch makes the same argument in support of his contention that the Government did not prove that there was any tax loss, because he did not "intend" for there to be any tax loss, arguing that the appropriate base offense level for his convictions should be 6 (for tax loss less than $2,500) instead of 22 (for tax loss greater than $1,500,000 but less than $3,500,000), pursuant to United States Sentencing Guideline § 2T4.1. However, Lynch's own expert witness at trial, agreeing with the Government's summary witness, calculated the total amount of unpaid employment taxes plus interest, penalties, and fees as $2,743,127.00 for all quarters in the Indictment Period. *See* Doc. No. 263, pp. 3-4.

Lynch fails to raise a fairly debatable issue for appeal with this argument. United States Sentencing Guideline § 2T1.6(a) establishes the base offense level for a conviction under 26 U.S.C. § 7202 as the "tax not collected or accounted for and paid over." *United States v. Free*, 839 F.3d 308 (3d Cir. 2016), cited by Lynch in support of his argument that there is no tax loss, because he did not "intend" there to be a tax loss, fails to support that argument. *Free* does not address the proper calculation of tax loss under U.S.S.G. § 2T, but rather considered the bankruptcy fraud sentencing guidelines in a case where all creditors received payment in full. *Id.* There is no legal authority that supports Lynch's argument that unpaid taxes are not a "loss" if the defendant simply states that he did not "intend" for there to be a tax loss because he would

---

[4] At trial, the evidence showed that Lynch had not made timely payments of the employment taxes withheld from employees' wages for more than ten years, and, despite his repeated promises to someday pay the taxes, paid other creditors and made capital improvements to the Iceoplex property (increasing the value of his investment), instead of paying the taxes. Doc. No. 260, pp. 5-7.

pay the taxes someday.[5]

### b. Lynch's Argument that Acquitted and/or Uncharged Conduct Cannot be Considered at Sentencing

Lynch also argues that the Court's ultimate calculation of the total tax loss inappropriately included the loss associated with acquitted counts and uncharged conduct from the period of time after the Indictment Period to the present (during which Lynch continued to fail to pay over the amounts withheld from employees' wages for employment taxes). Doc. No. 269, pp. 5-6. In support of his argument, Lynch cites to dissents and law review articles that support his position, seemingly conceding that the controlling legal precedent does not support his position. *See* Doc. No. 269, pp. 5-6 and FN1; *see also*, Doc. No. 263, pp. 3-4 (*citing United States v. Watts*, 519 U.S. 148 (1997) and *United States v. Ciavarella*, 716 F.3d 705 (3d Cir. 2013). To the contrary, the controlling precedent states that District Courts should consider "relevant conduct" including "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction[,]" including acquitted counts, dismissed counts, and uncharged conduct. U.S.S.G. § 1B1.3(a)(2); *Watts,* 519 U.S. 148; *Ciavarella*, 716 F.3d 705.

For the purpose of Defendant's Motion for Release Pending Appeal, however, Lynch's arguments about the inclusion of conduct related to acquitted counts and uncharged conduct are irrelevant, because these arguments cannot raise a fairly debatable issue that would result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the

---

[5] *Cf. United States v. Brennick*, 134 F.3d 10 (1st Cir. 1998). In *dictum* the United States Court of Appeals for the First Circuit opines that violations of 26 U.S.C. § 7202 are infrequently prosecuted where defendants file accurate returns and then *shortly* pay over the employment taxes after the quarterly deadlines, and that such conduct is not a

expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). Even a tax loss calculation based solely upon the unpaid taxes in the amount of $793,145, associated with the 16 counts of conviction (without interest or penalties),[6] would only lessen the applicable advisory guideline range for imprisonment from 41-51 months to 33-41 months. U.S.S.G. § 2T4.1 (a tax loss greater than $550,000 but less than $1,500,000 results in a base offense level of 20). Lynch has not yet begun serving his sentence of imprisonment and therefore any remand for resentencing on this issue would not result in a reduced sentence less than the expected duration of the appeal process.

### (2) Reduction for Acceptance of Responsibility

Although Lynch put the Government to their ultimate burden of proof at trial, and he continues to contend that, notwithstanding he was the person in full control of the Iceoplex entities, he was not the "person responsible" to pay over the employment taxes withheld from employees' wages, Lynch argues that he is entitled to a 2-level downward adjustment for acceptance of responsibility under United States Sentencing Guideline § 3E1.1. This argument totally lacks merit, but, similar to Lynch's argument against the inclusion of relevant conduct in the tax loss calculation, this argument also fails to support Lynch's Motion for Release Pending Appeal, because a two-level downward adjustment would not result in a reduced sentence less than the expected duration of the appeal process.

---

typical or "heartland" case of tax evasion.
[6] As stated in the Court's Tentative Findings and Rulings, although not included in the ultimate calculation of the tax loss here - - which was based upon the amounts calculated in the Presentence Investigation Report and then shown through evidence at the sentencing hearing by Government witnesses, the Sentencing Guidelines support the inclusion of unpaid interest and penalties in willful tax evasion cases. Doc. No. 263, p. 3; U.S.S.G. § 2T1.1, commentary.

### (3) Lynch's Personal Financial Condition

Although the Court properly relied upon evidence introduced at trial to find that Lynch had the ability to pay restitution and a fine, based upon the financial statements and valuations of his property, Lynch's financial condition does not impact his Total Offense Level, guideline range of imprisonment, or term of imprisonment in anyway. Accordingly, Lynch's personal financial condition is also irrelevant to whether Lynch is entitled to release pending appeal pursuant to 18 U.S.C. § 3143.

### (4) Whether the Court Improperly Rejected Lynch's Evidence

Finally, without citing to any support in the record, Lynch contends that the Court improperly rejected his proffer of trial testimony and evidence at the sentencing hearing. Doc. No. 269, pp. 6-7. To the contrary, the Court did not reject any evidence or testimony offered by Lynch at the sentencing hearing and allowed for the presentation of as many witnesses and as much evidence as Lynch and his Counsel wished to produce. *See* 1/11/17 and 1/12/17 Sentencing Hearing Transcripts.

Regarding Lynch's argument that the Government failed to meet its burden of proof as to the relevant conduct portion of the tax loss calculation, the Government produced two witnesses at the sentencing hearing who essentially repeated their trial testimony that Lynch made the financial decisions and controlled the bank accounts and corporate structure of the Iceoplex entities. *Id.* Further, Lynch himself submitted IRS Forms 941 with his signature as "President" of the entities related to the post-Indictment Period relevant conduct as Defense Exhibit 2. This evidence more than meets the preponderance standard required to support the tax loss.

## III.     CONCLUSION

For the reasons set forth, Defendant's Motion for Release Pending Appeal, doc. no. 269, is DENIED.

                                      SO ORDERED this 20th day of January, 2017,

                                      <u>s/Arthur J. Schwab</u>
                                      Arthur J. Schwab
                                      United States District Judge