IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

STEVEN J. LYNCH,

       Defendant.

Criminal No. 14-181
ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING MOTION FOR MODIFICATION/REDUCTION OF SENTENCE PURSUANT TO RULE 35[1]**

On September 8, 2016, a jury found Defendant, Steven J. Lynch ("Lynch"), a highly skilled tax attorney and business owner, guilty of sixteen counts of willful failure to pay over withheld employment taxes in violation of 26 U.S.C. § 7202. Doc. no. 212. On January 12, 2017, following a sentencing hearing which spanned two days, the Court sentenced Lynch to a 48-month term of imprisonment at each count of conviction, to be served concurrently, to be followed by a 3-year term of supervised release at each count of conviction, also to be served concurrently.[2] Doc. no. 267. During this sentencing hearing, the Court granted Lynch's request to self-report to the federal institution designated by the Bureau of Prisons on or before March 13, 2017. Id.

Presently before the Court is Lynch's most recent Motion, which requests: (1) a hearing "to determine the eligibility of [Lynch] for an alternative sentencing program" at the Aleph

---

1 Although Lynch has filed an appeal to the United States Court of Appeals for the Third Circuit (see Court of Appeals docket number 17-1144), this Court has discretion to hear this timely Rule 35 Motion. *See* Fed.R.Crim.P. 37(a) .

2 This Court also ordered a fine in the amount of $75,000.00 and restitution in the amount of $793,145.00 as part of Lynch's sentence.

Institute, and (2) that the Court determine that this alternative sentencing program "is an appropriate sentencing alternative to the term of incarceration imposed." This is the second Motion filed by Lynch since he was sentenced to a term of incarceration where Lynch seeks to avoid imprisonment.³ Notably, Rule 35 does not provide for the relief sought by Lynch in his Motion.

The Court finds this most recent Motion yet another attempt by Lynch to simply postpone the commencement of his 48-month incarceration period (a sentence which falls within the United States Sentencing Guideline's range). The Court further finds that the nature of the instant Motion coupled with the relief requested (quoted above) is more akin to a Motion for Reconsideration of a Sentence than a proper Rule 35 Motion.

**I. Standard of Review**

Rule 35 of the Federal Rules of Criminal Procedure states in pertinent part:

> **Rule 35. Correcting or Reducing a Sentence.**
>
> (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> (b) Reducing a Sentence for Substantial Assistance.
>
>         *    *    *
>
> (c) "Sentencing" Defined. As used in this rule, "sentencing" means the oral announcement of the sentence.

Fed.R.Crim.P. 35 (2009).

---

3 On January 16, 2017, Lynch filed a Motion for Bond Release Pending his Appeal to the United States Court of Appeals for the Third Circuit. Doc. no. 269. This Court denied that Motion on January 20, 2017. See doc. no. 273.

## II. Discussion

### A. Application of Rule 35

When deciding whether a clear error exists under Rule 35(a) or whether to reduce a sentence under Rule 35(b), the district court has complete discretion, and its ruling will not be disturbed except for a clear abuse of that discretion. *United States v. Bickoff*, 531 F.2d 182, 182 (3d Cir. 1976). The authority conferred by Rule 35(a) to a district court is extremely limited. *United States v. Houston*, 529 F.3d 743, 749 (6th Cir.2008) (internal quotations and citations omitted).

Federal Rule of Criminal Procedure 35 "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence . . . [or] used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (internal quotations and citations omitted). Simply put, if an error does not constitute an obvious error or mistake that would result in a remand by a Court of Appeals, then it is outside of Rule 35(a)'s narrow purview. *Id.*

Turning to this case, as noted above, this Court sentenced Lynch to a term of imprisonment of 48 months, which fell within the appropriate guideline range of 41 to 51 months. Because Lynch did not provide any assistance in this case, Rule 35(b) – which operates to allow a Court to take into consideration a defendant's assistance and then determine if that assistance merits a reduction to his term of imprisonment – is of no moment here.

Next, there is no error from an "arithmetical" or "technical" standpoint as set forth in Rule 35(a), nor does Lynch suggest that there is such a mistake. Similarly, if some "other clear error" exists, Lynch has failed to articulate it.

Instead of identifying some "other clear error" in his Motion, Lynch simply re-argues that his punishment should not include any term of imprisonment (an argument he made both before and during the sentencing hearing), which this Court has already ordered. The Court finds the law emanating from the United States Court of Appeals for the Sixth Circuit (quoted above), to be instructive as to whether Lynch may use Rule 35 to re-argue his position with respect to a term of imprisonment. The Court also recognizes that the 1991 Advisory Committee Notes to Fed.R.Crim.P. 35 offer the same cautions as the Court of Appeals:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing. *See, e.g., United States v. Jones*, 899 F.2d 1097 (11th Cir.1990).

Fed.R.Crim.P. 35, Advisory Committee Notes, 1991 Amendments.

Rule 35 is not a platform parties may use to reargue positions taken or objections made during a sentencing hearing. Because no "clear error" was identified by Lynch in his Motion, nor was any such error found by the Court upon its review, the Court concludes that no error mandating correction under Rule 35 exists and, therefore, will deny Lynch's Motion.

### B. True Nature of this Rule 35 Motion as a Motion to Reconsider

Lynch's request that this Court modify his sentence to enable him to avoid a term of imprisonment, and instead, participate in an alternative sentencing program, would require this Court to ignore factors which were thoroughly discussed in the Court's tentative findings and rulings, doc. no. 263, and were adopted as final with modifications at the sentencing hearing. These factors, *inter alia*, led to the Court's determination that a term of imprisonment was warranted in this case. The Court reiterated its findings orally during its sentencing hearing colloquy. (The Court's tentative findings at doc. no. 263, for the sake of brevity, are incorporated by reference herein.)

In arriving at Lynch's sentence, which obviously included a term of imprisonment, the Court carefully considered and weighed all of the factors set forth in 18 U.S.C. § 3553(a). During the oral pronouncement of Lynch's sentence, this Court elaborated upon several of those factors, specifically: (1) the nature and circumstances of the sixteen offenses for which the jury had found Lynch guilty; (2) Lynch's criminal, family, and social histories, which also included his education and employment experience; (3) the kinds of sentence available for this offense, the sentencing guideline range under the advisory guidelines, and applicable policy statements adopted by the sentencing commission; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (5) the need to provide restitution to any victim of the offenses.

Lynch's current Motion (doc. no. 274) asks the Court to give him yet another sentencing hearing so that he may present Rabbi Vogel who will testify about the alternative sentencing program at the Aleph Institute. Lynch's Motion attaches a letter from Rabbi Vogel explaining the nature of this alternative sentencing program, and suggests that Lynch belongs in the

program – not in prison.  See doc. no. 274-1.  The time for the presentation of such evidence and opinions has passed.  Notably, the Court heard and considered all of the live testimony given by Lynch's numerous witnesses during the sentencing hearing.  If testimony from Rabbi Vogel would have been presented on either day of the sentencing hearing, it also would have been timely received and carefully considered by this Court.

Additionally, this Court has presided over the pretrial, trial, and the sentencing phases of this case, and has had the opportunity to observe Lynch at all phases of this litigation. The Court's candid impression of Lynch, specifically, is that he has never shown any signs of remorse.  The jury concluded that, from tax quarter to tax quarter, Lynch used the wages he withheld from the employees' paychecks to either fund his own businesses and/or pay off his businesses' creditors in lieu of paying over the employment taxes which were due and owing.

On a final note, to grant Lynch the relief he now requests, in complete contravention of the Rule and the case law and authority which further defines the scope of Rule 35, would permit Lynch to continue to benefit from his ill-gotten gains through the investment of these funds in his businesses.  Lynch argued throughout the case – including during the sentencing phase – that he "did not take money from the business," but he did use these funds to improve his investments in these businesses.

Thus, the relief Lynch continues to request (*i.e.,* no prison time) provides no deterrence for this type of criminal conduct and would send a message to the public that tax-evading professionals such as Lynch should receive a different form of justice and treatment (no term of imprisonment), while others without Lynch's opportunities, education, and resources should receive a harsher punishment (a sentence which includes a term of imprisonment).  The 3553(a) factors strictly prohibit such sentencing disparities.  Simply put, the requested relief –

reconsidering/amending Lynch's sentence from a term of 48 months imprisonment to a non-prison sentence – would contravene justice, would utterly fail to reflect the seriousness of Lynch's crimes, and would violate the 3553(a) factors this Court previously and carefully considered.

**ORDER OF COURT**

AND NOW this 27th day of January, 2017, the Court hereby **DENIES** Defendant's Motion for Modification/Reduction of Sentence pursuant to Fed.R.Crim.P. 35 (doc. no. 274).

                                         s/Arthur J. Schwab
                                         Arthur J. Schwab
                                         United States District Judge