IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                    Criminal No. 14-181
                                                  ELECTRONICALLY FILED

    v.

STEVEN J. LYNCH,

       Defendant.

## MEMORANDUM ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REVOKING BOND

On July 29, 2014, Defendant Steven J. Lynch ('Lynch") was indicted. Doc. No. 1. Following nine (9) requests for extension of time, trial of the charges in a 29-count Superseding Indictment, doc. no. 43, commenced on August 29, 2016. See Doc. Nos. 14; 16; 18; 22; 23; 41; 52; 54; 66; and 67. On September 9, 2016, a federal jury returned a guilty verdict on 16 counts of willful failure to pay over taxes in violation of 26 U.S.C. § 7202. Doc. No. 212. On January 12, 2017, Lynch was sentenced to a guideline sentence of 48 months of imprisonment to be followed by a term of 3 years of supervised release, a fine in the amount of $75,000, and restitution to the Internal Revenue Service in the amount of $793,145 - - which is the amount of wages withheld from employees' pay for employment taxes that remained unpaid for the quarters for which Lynch was found guilty. Doc. No. 267. He was ordered to report to his designated institution no later than March 13, 2017. *Id.*

On January 16, 2017, Lynch appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit. Doc. No. 270. He filed a Motion for Bond Pending

Appeal, which was denied by this Court. Doc. No. 273. Thereafter, Lynch filed a Motion for Release Pending Appeal which was granted by a divided panel of the Court of Appeals. *United States v. Lynch*, No. 17-1144, Doc. 003112559620 (Mar. 9, 2017 3d Cir.).

On May 29, 2018, the Court of Appeals affirmed the judgment and sentence in this case. Doc. No. 286. The Court of Appeals issued an opinion addressing the "profusion of claims challenging nearly every aspect of the trial" raised by Lynch and finding his arguments lacked merit. No. 17-1144 Doc. 003112941886 (May 29, 2018 3d Cir.).

On May 30, 2018, the Government file a Motion to Revoke Bond and to assign a date by which Lynch must report to begin service of his sentence. Doc. No. 287. The Court granted the Motion and ordered Lynch to report to the United States Marshals by no later than July 16, 2018. Doc. No. 288. Lynch filed the pending Motion for Reconsideration, doc. no. 289, to which the Government filed a Response, doc. no. 290.

Lynch argues that this Court lacks jurisdiction to revoke his bond and order him to report to begin service of his sentence, because his release pending appeal was rejected by this Court in the first instance and was granted by the Court of Appeals. *See* Doc. No. 289. Lynch also maintains that his release pending appeal cannot be revoked until he exhausts all of his appeals, up to and including filing a petition for writ of certiorari to the United States Supreme Court. Doc. No. 289, p. 4.

The Government counters, and this Court finds, that this Court has jurisdiction, pursuant to 18 U.S.C. § 3143, to determine whether or not an individual who has been convicted and sentenced should be released on bond pending appeal of the judgment. *See also United States v.*

*Sullivan*, 631 F. Supp. 1539 (E.D. Pa. 1986) ("[T]he initial resolution of applications for release pending appeal have traditionally been committed to trial courts[.]"). The Court in *Sullivan* found that it was proper for the District Court to rule upon a motion to revoke bail, subsequent to an affirmation of judgment from the Court of Appeals, but prior to the issuance of a mandate – which is the same procedural posture here. *Id.*

To secure release pending appeal, 18 U.S.C. § 3143(b) requires a defendant to show, *inter alia*, that his appeal raises a substantial question of law or fact. In this case, the Court of Appeals has affirmed Defendant's conviction and sentence and has rejected his numerous arguments raised as without merit. Under these circumstances, further release is not warranted while Lynch exhausts his further appeal options.

Accordingly, Defendant's Motion for Reconsideration of Court's Oder Revoking Bond is DENIED. Defendant shall surrender to the United States Marshal on or before July 16, 2018, unless otherwise ordered by the United States Marshal Service.

SO ORDERED this 11th day of June, 2018,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge